## 9960. REEVES *v.* THE STATE.

HARWELL, J. The evidence relied upon by the State to connect the accused with the offense of having in his custody and control intoxicating liquor was wholly circumstantial in character, and did not exclude every reasonable hypothesis save that of the guilt of the accused. Accordingly, the court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, P. J., and Bloodworth, J., concur.*

DECIDED NOVEMBER 7, 1918.

Accusation of possession of intoxicating liquor; from city court of Floyd county—Judge Nunnally. June 27, 1918.

From the evidence it appeared that the defendant lived and farmed on a part of a 160-acre tract of land owned by his father, on which, besides the house in which he resided, was a vacant house formerly occupied by him, and that several jugs, two of them containing about five gallons of whisky, were found in the vacant house by officers searching it about two months after he had moved out of it. The two houses were about 300 yards apart, and there was no path leading directly from one of them to the other. A distillery in a slough among trees and bushes was discovered by the officers on another part of the same tract of land, about 150 yards from where the defendant lived. The furnace of the distillery was still warm, and, from appearances there, it seemed that "only one or two runs had been made." There was a high hill between the defendant's residence and the distillery, and the distillery could not be seen from the house. There was no direct path from the house to the distillery. In a closet of the defendant's house an officer found a piece of copper pipe about three feet long, of the same size and kind as the pipe used in the distillery. Two barrels of beer were found in bushes near the distillery after the defendant had been arrested and put in jail. In his statement at the trial he said that the piece of pipe found in his house (described by him as iron pipe) was picked up by him in his yard soon after he moved into the house; that he had nothing to do with the distillery and did not know of it, that the land on which it was found was not a part of the land rented by him, and he was not in possession of it; that when he moved out of the house in which the whisky was found he surrendered possession of it and turned over the key; that he left no liquor in it and did not put any in it, and was not guilty of the offense charged. The defendant's father testified to the same effect as to the land rented

and in the possession of the defendant, and that when the defendant surrendered possession of the house in which the whisky was afterwards found, the defendant gave the key to him, and he (the witness) locked the house and took the key to Porterdale with him, and at that time there was no whisky in the house.

*W. B. Mebane,* for plaintiff in error.

*J. F. Kelly, solicitor,* contra.