## 11587. CUMMINGS v. THE STATE.

The evidence relied upon by the State to connect the accused with the offense of having in his custody and control intoxicating liquor was wholly circumstantial in character, and did not exclude every reasonable hypothesis save that of the guilt of the accused. Accordingly the court erred in overruling the motion for a new trial.

DECIDED JULY 13, 1920.

Indictment for possession of liquor; from Harris superior court — Judge Howard. May 3, 1920.

J. R. Lunsford, for plaintiff in error.

C. F. McLaughlin, solicitor-general, contra.

BLOODWORTH, J. The indictment charged that the accused did "have in his possession, custody, and control alcoholic, spirituous, malt and intoxicating liquor." He was convicted and made a motion for new trial, which was overruled, and the case is before this court for review.

The evidence shows that the defendant and one other occupied a house jointly, and jointly controlled and used a crib, each one having a key to the crib. An officer went to this house, told the defendant that he was going to search his premises, and that unless defendant unlocked the crib he would break it open. The defendant replied that his wife, who was at church, had the key, but he walked off, not out of sight of the officer, and returned with the key. The officer unlocked the crib and "found a five-gallon keg with about four gallons of whisky in it." The defendant stated: "I had not been in the crib that day and did not know there was any whisky there. The whisky didn't belong to me, and I didn't know there was any whisky on the place until Mr. Huling found it in the crib." There was no direct evidence that the whisky belonged to the defendant, or that it did not belong to the party who had joint possession of the crib with the defendant (he not having, so far as the record discloses, been put upon the stand). See Lunceford v. Mayor &c. of Washington, 17 Ga. App. 730 (2) (88 S. E. 212). Certainly the evidence did not exclude every reasonable hypothesis save that of the guilt of the accused, for it is just as reasonable to conclude that the liquor belonged to the other party who jointly used the crib with the defendant. "The evidence relied upon by the State to connect the accused with the offense of having in his custody and control

intoxicating liquor was wholly circumstantial in character, and did not exclude every reasonable hypothesis save that of the guilt of the accused. Accordingly the court erred in overruling the motion for a new trial." *Reeves* v. *State*, 23 *Ga. App.* 9 (97 S. E. 263). See also *Kennedy* v. *State*, 23 *Ga. App.* 141 (97 S. E. 894).

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*