## 14409.　MOULTON v. THE STATE.

BROYLES, C. J.　1. The special grounds of the motion for a new trial, when considered in the light of the notes of the trial judge qualifying his approval of the grounds, are without substantial merit.

2. The verdict was authorized by the evidence and the overruling of the motion for a new trial was not error.

　　　　　*Judgment affirmed.　Luke and Bloodworth, JJ., concur.*
　　　　　　　DECIDED MAY 15, 1923.

Accusation of furnishing liquor to minor; from city court of Oglethorpe — Judge Greer.　February 12, 1923.

*Robinson & Fort,* for plaintiff in error.

*John B. Guerry, solicitor,* contra.

## 14410.　ROBINSON v. THE STATE.

LUKE, J.　The defendant was convicted of possessing intoxicating liquors. The evidence tending to connect him with possession or control of the whisky, which was found outside of his store and outside of his boarding house, run in connection with his store, was wholly circumstantial, and, because of the use by the public and his boarders of the closet where the whisky was found, was insufficient to exclude every reasonable hypothesis save that of the defendant's guilt.　It was therefore error for the court to overrule the motion for a new trial,　See, in this connection, *Kennedy* v. *State,* 23 *Ga. App.* 141 (97 S. E. 894).

　　　　*Judgment reversed.　Broyles, C. J., and Bloodworth, J., concur.*
　　　　　　　DECIDED MAY 15, 1923.

Conviction of possessing liquor; from Colquitt superior court — Judge W. E. Thomas.　March 3, 1923.

*James L. Dowling* for plaintiff in error.

*Clifford E. Hay, solicitor-general,* contra.