16885, 16886.  HAMPTON *v.* THE STATE (two cases).

BLOODWORTH, J.  In each of these cases the conviction was dependent upon circumstantial evidence.  In neither of them was the evidence sufficient to exclude every other reasonable hypothesis save that of the guilt of the accused.  The refusal to grant a new trial was error.

*Judgments reversed. Broyles, C. J., and Luke, J., concur.*

DECIDED DECEMBER 16, 1925.

Indictments for misdemeanors; from Morgan superior court— Judge Park.  September 18, 1925.

On substantially the same evidence Percy Hampton was convicted under indictments respectively charging him with possession of intoxicating liquor and with operating a motor-vehicle while under the influence of intoxicating liquor.  From the evidence it appeared that in the evening after dark a Ford car occupied by the defendant and his brother collided with a car driven by Beeman a short distance from Madison, Georgia, on the public road between Madison and Augusta, Georgia, and turned over on the side, and the defendant and his brother then said to Beeman that they were blinded by the light from Beeman's car and could not see.  Beeman testified that after they had been there some time and when others were helping the defendant and his brother to turn the Ford car back on its wheels, he (Beeman) looked under the running board of that car and saw on the ground a pasteboard shoe-box in which was a gallon can of corn whisky; that he did not put the box there and did not know who put it there; that he could smell whisky and would judge by the manner of the defendant that the defendant was drinking; that the defendant "talked loud;" that he (Beeman) had not taken a drink.  An officer who arrested the defendant testified that "he smelled of whisky and acted like he was drunk; he talked loud and was excited, and seemed not to be at himself."  There was other testimony of the same character.  The shoe-box was "branded Friedman," and a shoe merchant of that name, whose store was in Madison, testified that the box came from his store, but he did not know to whom it was sold.  When the collision occurred the defendant's car was going towards Madison and Beeman's car was going towards Augusta.  In one of these cases it appeared that the defendant lived near Madison, and his brother was a porter in a hotel in Madison.  Witnesses who after the collision helped to turn back the defendant's car on its wheels testified that they searched the

car and did not find any whisky in it; that they smelled liquor but did not see any. Beeman testified that when he met the defendant's car the car did not turn out to let him pass, but ran into his car, hitting it on the left side, about midway; that he got out of his car and got his pistol, and, with his pistol in his hand, demanded of the Hamptons that they pay him $50 as damages, and the defendant's brother left, saying he was going for an officer; the defendant remained and three or four persons came up and helped turn the car; an officer came and arrested the Hamptons, and Beeman went to where they were imprisoned and offered to stop prosecution and settle with them if they would pay him $50. The defendant, in his statement at the trial, denied that he had been drinking, and said: "After we had been there for some time and I was unable to pay the $50 demanded of me, Mr. Beeman came around and placed a package on the ground and said, 'Now I guess you will pay, as here is some liquor, and if you do not pay I will have you arrested for having this liquor.' I had not seen the liquor, and knew nothing about it until he came round with it and set it on the ground near my car."

*M. C. Few,* for plaintiff in error.

*Joseph B. Duke, solicitor-general,* contra.