## 17756. WHITTEMORE v. THE STATE.

LUKE, J. 1. Though the evidence upon which the conviction rests is circumstantial, it is sufficient to exclude every other reasonable hypothesis than that of the guilt of the accused.

2. The evidence as to the finding of a still and eight hundred gallons of mash three quarters of a mile from the defendant's house, when taken in connection with the other evidence in the case, was not inadmissible. See *Trentham* v. *State,* 22 *Ga. App.* 134 (95 S. E. 538), and cit. Moreover, the same evidence was adduced from another witness without objection.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED JANUARY 11, 1927. REHEARING DENIED FEBRUARY 23, 1927.

Possession of liquor; from city court of Newnan—Judge Stallings. October 20, 1926.

1. A jug of whisky in a sack, and a quart cup, were found under a bush in the defendant's pasture, about 300 yards from the house in which he resided with his wife and an adult son. The ground was wet from recent rain, and on a path between his house and the whisky were fresh and distinct foot-tracks which went through his barn and the pasture and stopped at the whisky, and turned about and returned to his house. A watermelon patch cultivated by the defendant was "just above this whisky," but across the pasture fence. Among the stock in the pasture were a mule

Criminal Law, 17 C. J. p. 267, n. 93; p. 322, n. 48.
Intoxicating Liquors, 33 C. J. p. 760, n. 33; p. 762, n. 55.

and a horse which the defendant has been working. "There was no evidence of any other fresh travel about this whisky." The place where the whisky was found was not in plain view of the defendant's house, the view being obstructed by short pines in the pasture. It was testified that the whisky was nearer to his house than to any other house. The roadway that ran near the pasture and led into the main highway near his house had been closed and could not be traveled, there being a barbed wire across it. A large number of holes, about two or three feet deep and about large enough to hold a five-gallon container, were found in the defendant's pasture and just outside, in woods near his house. Fresh mule-tracks led from the barn and through the pasture, and through a gap in the pasture fence, where the wire could be taken down, and went to a place about three quarters of a mile back of the defendant's home, at which place were a large still, which apparently had been in operation, and 800 gallons of mash or beer "ready to run." The mule-tracks led back from the still to the defendant's barn, and there was no other track along that path. The son who had been living with the defendant and working for him was in south Georgia when the whisky was found, and had been there some weeks. In his statement at the trial the defendant said that he knew nothing of the whisky in his pasture or at the still. Others testified as to his good character, and there was rebuttal testimony as to his bad character in the community in which he lived.

2. Over the objection that "the defendant was charged with possessing whisky, and not manufacturing whisky," the court admitted R. L. Pitman's testimony as to the finding of the still and mash. Testimony of another witness to the same facts was afterwards admitted without objection. The only ground of the motion for a new trial other than the usual general grounds complains of the admission of the above-mentioned testimony of Pitman.

*S. H. Dyer,* for plaintiff in error.
*Stanford Arnold, solicitor,* contra.