### 17773.   LAMB v. THE STATE.

A conviction on the charge of having possession and control of intoxicating liquor was authorized by the evidence, and there is no merit in any ground of the motion for a new trial.

DECIDED JANUARY 11, 1927.

Possessing liquor; from city court of Swainsboro—Judge Herrington.   November 12, 1926.

*Price, Spivey & Edenfield,* for plaintiff in error.

*I. W. Rountree, solicitor,* contra.

LUKE, J. Lamb was convicted of violation of the prohibition statute. The State proved that in his horse lot, in a dugout covered over by a locked plank door, was found, freshly buried in the ground, more than sixty gallons of "liquor." The defendant, in his statement at the trial, said that he had used this place for storing "liquor," but had not so used it for a long time,—not since they found ninety gallons of "liquor" there had he so used it; that some one else had stored it there. There was no denial that the storage place was owned and controlled by the defendant. The contention that there was no proof that the "liquor," contained in glass jars and kegs, was intoxicating is controlled by *Smith* v. *State,* 17 *Ga. App.* 118 (86 S. E. 283), and cases cited. There was ample evidence to authorize conviction; and when the charge of the court is read in its entirety, there is no merit in the assign-

Criminal Law, 16 C. J. p. 1050, n. 84; 17 C. J. p. 233, n. 83; p. 255, n. 54.

Intoxicating Liquors, 33 C. J. p. 756, n. 58.

ment of error upon the excerpt from the charge. The assignment of error upon the court's refusal to continue the case is also without merit. The defendant has had a fair trial, and for no reason pointed out did the court err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*