### 17958. BOWEN *v.* THE STATE.

The court erred in allowing a third person to testify to statements made by the defendant's wife in his presence when she was a witness on the stand during a former investigation by a judicial officer, though they were not at that time denied by the defendant.

A conviction of possessing intoxicating liquor was not authorized by the evidence after elimination of testimony illegally admitted.

DECIDED APRIL 12, 1927.

Possessing intoxicating liquor; from Whitfield superior court— Judge Tarver. January 22, 1927.

*S. R. Brooke, Maddox & Maddox,* for plaintiff in error.

*C. C. Pittman, solicitor-general, J. C. Mitchell, solicitor-general,* contra.

BLOODWORTH, J. 1. Notwithstanding the statutory inhibition

---

Criminal Law, 16 C. J. p. 579, n. 1; p. 634, n. 95; p. 641, n. 30.
Intoxicating Liquors, 33 C. J. p. 761, n. 53.

against the giving of testimony by a wife against her husband in a criminal case, except "for any criminal offense committed or attempted to be committed upon her person" (Penal Code of 1910, § 1037 (4) ), yet where a wife makes statements in the presence of her husband and a third person which would implicate her husband in the violation of a criminal statute, and the husband makes no denial thereof, the third person may testify as to these statements. Penal Code (1910), § 1029; *Joiner* v. *State,* 119 *Ga.* 315 (46 S. E. 412). Such statements of the wife are admissible only when they are a part of the res gestæ, or where "the circumstances require an answer or denial" on the part of the husband. The statements of the wife which it was sought to introduce as evidence in this case were not.res gestæ statements, but were made after the alleged illegal act and while the witness was upon the stand during an investigation by a judicial officer, and at a time when "silence, if not required, was at least justified as a matter of decorum." *Bell* v. *State,* 93 *Ga.* 557, 559 (19 S. E. 244). See, in this connection, *Graham* v. *State,* 118 *Ga.* 807, 808 (45 S. E. 616); *Johnson* v. *State,* 151 *Ga.* 21, 26 (105 S. E. 603). Under the facts of this case the judge erred in allowing a third person to testify.to statements alleged to have been made by the wife of the accused.

2.   The evidence shows that whisky was found in a barn that was "just a short" distance from the dwelling house of the accused; that in this barn the accused kept some "stock"; that others also used the barn; that through the barn runs a hallway that connects with a lane, and that "a good many people travel through that way." After eliminating the evidence of his wife, which was illegally admitted, the only evidence connecting the accused with the possession of the liquor was entirely circumstantial, and, because of the facts just stated, did not exclude every reasonable hypothesis except that of the guilt of the defendant. *Cummings* v. *State,* 25 *Ga. App.* 427 (103 S. E. 687); *Kennedy* v. *State,* 23 *Ga. App.* 141 (97 S. E. 894); *Robinson* v. *State,* 30 *Ga. App.* 280 (117 S. E. 769); *Hampton* v. *State,* 34 *Ga. App.* 699 (131 S. E. 688); *Wilson* v. *State,* 32 *Ga. App.* 427 (123 S. E. 623), and cit.

3.   As a new trial results from the foregoing rulings, it is unnecessary to consider the other allegations of error, since they are not likely to recur upon another trial of the case.

*Judgment reversed.   Broyles, C. J., and Luke, J., concur.*