### 18509.   WINGFIELD *v.* THE STATE.

The finding of whisky in the defendant's house, under the circumstances shown by the evidence, did not authorize 'the verdict finding her guilty of having whisky in her possession.

DECIDED DECEMBER 13, 1927.

Possessing liquor; from Wilkes superior court—Judge Perryman.  August 9, 1927.

*Hugh E. Combs,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.

BLOODWORTH, J.  The defendant was convicted of having whisky in her possession.  The record shows that the whisky was found in her house, and shows also that Joe Gartrell boarded with her.  Both the defendant and Gartrell were arrested.  There is no direct evidence that the whisky belonged to the defendant or that it was in her house with her consent or knowledge.  Indeed, when Joe Gartrell was arrested he told the officers it was his whisky.  The defendant was not present when the whisky was found.  She denied knowing anything about the whisky.  Under all the particular facts of the case the evidence did not exclude every reasonable hypothesis save that of the defendant's guilt, and the judge of the superior court erred in overruling the motion for a new trial which alleged that the verdict was contrary to the law and the evidence.  See *Toney* v. *State,* 30 *Ga. App.* 61 (116 S. E. 550); *Mullins* v. *State,* 24 *Ga. App.* 357 (100 S. E. 755); *Cummings* v. *State,* 25 *Ga. App.* 427 (103 S. E. 687).

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*

---

Criminal Law, 16 C. J. p. 1179, n. 67 New.
Intoxicating Liquors, 33 C. J. p. 777, n. 62.