### 20135. KINSEY *v.* THE STATE.

DECIDED JANUARY 14, 1930.

*M. B. Eubanks,* for plaintiff in error.

*M. Neil Andrews,* solicitor-general, *Dean Owens,* contra.

LUKE, J. E. B. Kinsey was convicted of possessing whisky. The court overruled his motion for a new trial, based solely upon the usual general grounds, and he excepted.

The sheriff testified that he and others raided a still located three quarters of a mile from the defendant's house; that the pot to the still could not be found, but that they cut down the beer-stand and poured the beer out; that the still had been recently run; that a path led from the still to the defendant's house, and did not lead "the other way from the still;" that they had a search warrant for the defendant's house, and that after raiding the still they found a quart of whisky half covered up with cottonseed in the defendant's smokehouse, which was about fifteen feet from his dwelling house; that they also found in the smokehouse a large quantity of meal, which the defendant said belonged to one of the Kinsey boys, and that the witness did not know to whom the whisky belonged. Kinley Kinsey testified that his wagon broke down and he left six bushels of meal in the defendant's smokehouse. Witness for the defendant testified that the path referred to by the sheriff did not stop at the still, but went on over the mountain. The defendant stated that he was away from home when the whisky was found and did not know anything about it, and that the meal found in the smokehouse belonged to Kin Kinsey. The sheriff was

recalled, and testified that the defendant had·repeatedly asked him what the judge would fine his daughter, Essie, if she would plead guilty and "take it on herself." The testimony was undisputed that besides the defendant and his family, composed of his wife, his two sons, aged twenty and twenty-two years respectively, his daughter Effie, and her fourteen-year-old sister, Essie, and some smaller children, the defendant's son-in-law, aged forty-six years, with his wife and two children, lived in the defendant's house, and that all had access to the smokehouse. Effie Kinsey testified, without contradiction, as follows: "My father and Charley Head, my brother-in-law, were occupying the house and premises there at that time. Charley Head had as much privilege there as my father did; he went in and out of there when he got ready. I have two grown brothers. . . They went in and out of the place when they got ready."

The ·evidence was circumstantial and did not exclude every other reasonable hypothesis than that of the guilt of the accused; and the court erred in overruling the motion for a new trial. See *Cummings* v. *State*, 25 *Ga. App.* 427 (103 S. E. 687) ; *Toney* v. *State*, 30 *Ga. App.* 61 (116 S. E. 550) ; *Leatherwood* v. *State*, 27 *Ga. App.* 34 (107 S. E. 422) ; *Wilson* v. *State*, 32 *Ga. App.* 427 (123 S. E. 623).

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*