## 20315. JOHNSON v. THE STATE.

DECIDED APRIL 15, 1930.

*E. P. & J. Cecil Davis,* for plaintiff in error.
*M. L. Felts, solicitor-general,* contra.

LUKE, J. Sallie Johnson was convicted of possessing liquor. Her exception is to the judgment overruling her motion for a new trial, based upon the general grounds and one other ground which is but an elaboration of the general grounds.

An officer found two half-gallon receptacles of whisky hid under the grass in the back of the defendant's garden, and other whisky on the upper side of the garden. All of this whisky was within ten

feet of the back of the garden. Defendant's residence was not over ten steps from the garden, and the garden was not over sixty feet long. The garden extended to a sidewalk, and was fenced with wire fifty inches high, except that the fence between defendant's yard and the garden was of wood. Defendant's premises were in the town of Camak, and there were several houses and a store near where the whisky was found. A grown daughter lived with the defendant, and both of them were present when the whisky was found. The officer found also that whisky had been recently poured out of a half-gallon jar in a room of defendant's house, and that said daughter was in a bed in this room at the time. The defendant was not in the room, but had access thereto. The officer further testified that a woman's tracks led from defendant's yard to some of the whisky. He swore also that any one entering the garden from the rear would have to climb over a high wire fence, and that he saw no evidence of any one's doing so. The defendant stated that she had been out of a hospital only about three weeks, and was on her porch when the officers arrived, and was not strong enough to move; that there were houses all around her; that her daughter and a boy she had raised stayed with her; and that she knew nothing about the liquor. In rebuttal the officer testified that the defendant did not remain on the porch as stated by her, but that both she and her daughter walked about the house.

The jury certainly had the right to conclude that the premises where the whisky was found were occupied by the defendant as a residence. From the defendant's statement that "my daughter and a boy that I raised stayed with me" the jury had the right to reach the conclusion that the defendant was the head of the household, and that her daughter and the boy merely lived with her. In these circumstances, we do not think that the defense of "joint occupancy" precluded the conviction; and we hold that the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*