24554. GRAHAM *v.* THE STATE.

DECIDED APRIL 8, 1935.

*Morris Macks, David S. Block,* for plaintiff in error.

*John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

MACINTYRE, J. H. G. Graham was convicted in the Criminal Court of Atlanta of having, possessing, and controlling intoxicating liquor. The court sentenced the defendant to labor on the public works for twelve months, and by certiorari he carried the case to the superior court. The certiorari was overruled, and the defendant excepted. The first question for determination is whether or not the evidence supports the verdict.

S. D. Vaughn, a police officer of the City of Atlanta, testified that he and certain other city officers went "to the premises 774-1/2 Marietta Street, in the City of Atlanta, Fulton county, Georgia, on April 25, 1934," and "found in a vacant room of said premises six gallons of whisky in cans, and five gallons of whisky in a keg;" that "the defendant was not present at the time;" that said room was locked and "the officers forced themselves into said room by breaking the lock on the door to said room;" and that "the defendant was notified, when the officers called at his home, to come down to the courthouse to make bond."

Mrs. Claud Bell Fuller testified in substance that she resided in a room "nearby or adjoining the room were the whisky was found, and that on a number of occasions she had seen Guy Graham go to the door of this room, take a key out of his pocket, unlock the door, go in and come out with a package under his arm;" that "when he would go into the room he would not have a package, but would come out with a package;" that she "did not know what was wrapped up in the package;" that she had never seen anyone else go in and out of this room;" and that "the occasions when she saw Guy Graham, the defendant, go in and out of the room were just a very short time prior to the time the officers raided the room and found the whisky."

J. H. Stewart testified, in substance, that the premises at 774-1/2 Marietta Street "were rented by Aycock Realty Company to J. C. Hartsfield," and that "the defendant was not the person who rented the apartment;" that he had seen Hartsfield more than once, and had seen him pay rent; and that he had never seen the defendant until he came to the office of the Aycock Realty Company with his lawyer after "charges were made against the defendant."

In his statement to the jury the defendant said that he "did visit Mr. Stowe in the adjoining apartment of said premises, but did not get into any room where there was any whisky;" that he "did not have any key to the room and never unlocked the door of the room where the whisky was found;" that he "never brought any packages to the premises and never carried any packages away;" that he "did not place the whisky in the room" and "did not know it was there; and that he lived "out on Griffin street near Bankhead Avenue."

The defendant's conviction must necessarily rest largely upon satisfactory proof that there was whisky in the room in question upon one or more of the numerous "occasions" when he entered it, and such proof mainly rests upon the testimony of the witness that these "occasions" were "just a very short time prior to the time the officers raided the room and found the whisky." In the absence of proof to the contrary, it might not be unreasonable to suppose that the man who rented the room and paid the rent had access to it, and there is no evidence to show with any degree of certainty that the whisky was not put in the room by some one other than the defendant after he last entered it. The case is close, but we do not think that the evidence as a whole meets the circumstantial-evidence rule that the evidence "must exclude every other reasonable hypothesis save that of the guilt of the accused." It follows that the court erred in overruling the certiorari.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*