### 25111. GILDER *v.* THE STATE.

Decided December 11, 1935.

*W. A. Dampier,* for plaintiff in error.
*Lester F. Watson, solicitor,* contra.

GUERRY, J. Homer and Herman Gilder were jointly accused of the possession of whisky. Homer Gilder was convicted. The evidence disclosed that whisky was found in his home. He was not in the house at that time. Herman Gilder, his brother, was found there asleep. Herman testified that he had not been at the house long when the officers came, and that he did not know of the whisky found in the house. The defendant complains that the court committed error in failing to charge the jury on the law of circumstantial evidence. "In this State the husband is recognized by law as the head of his family; and where he and his wife reside together the legal presumption is always . . that the house and all the household effects belong to the husband as the head of the family." *Young* v. *State*, 22 *Ga. App.* 111 (95 S. E. 478). This principle has been announced numerous times by our courts. There are presumptions of law and presumptions of fact. It is generally true that either may be rebutted. In *Mann* v. *State*, 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934), the following charge was upheld as being correct: "When the killing is proved to be the act of the defendant, the presumption of innocence with which he enters upon the trial is removed from him, and the burden is then upon him to justify or mitigate the homicide; but, as before charged, the evidence to do this may be found in the evidence offered by the State to prove the killing, as well as by the evidence offered by the defendant." Intent was a necessary ingredient in the crime charged; but when certain facts were shown, a legal presumption arose which made out a prima facie case for the State and shifted the burden of proof to the defendant, and without a contrary showing the State made its case by direct evidence. Presumptions of fact, on the other hand, do not necessarily shift the burden of proof. Flight, for instance, is an evidentiary fact to be weighed as a circumstance. Recent possession of stolen property is an evidentiary fact which may be sufficient to authorize a verdict of guilty, but it raises no presumption of guilt in and of itself. The presumption that whisky found in a man's house belongs to him is a legal presumption, proof of which is sufficient to make a prima facie case that it was in the possession of the defendant. The fact here that the whisky was found in the house of the defendant is undisputed. He made no explanation as to why it was there, or to show ownership in some one else. There-

fore it was not error for the judge to omit to charge the jury the circumstantial-evidence rule; for when the State made out a prima facie case, and no rebuttal testimony was introduced by the defendant, it was not necessary for the jury to apply this rule in determining the guilt of the defendant.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*