28448. BOOKER *v.* THE STATE.

Decided October 3, 1940. Rehearing denied November 16, 1940.

*Grady Gillon,* for plaintiff in error.

*O. L. Long, solicitor,* contra.

ON MOTION FOR REHEARING.

GARDNER, J. The evidence in this case differs considerably from the evidence in cases cited by counsel for the plaintiff in error on motion for rehearing, to wit: *Toney* v. *State,* 30 *Ga. App.* 61 (116 S. E. 550), and *Cummings* v. *State,* 25 *Ga. App.* 427 (103 S. E. 687). In those cases the evidence showed joint lawful possession of the houses in question, and the finding in the houses of the contraband, without any evidence whatever to connect one of the occupants rather than the other; and the evidence did not point to the guilt of one more than to the other. In the instant case the evidence showed that the storehouse was in charge of the defendant and the keys in his keeping, the door to the house locked, and the windows barred. Also in the store was a bicycle which the defendant admittedly was keeping for a relative. The defendant denied that he had the keys or had any knowledge of them. The owner testified that the defendant had the keys. After this the defendant delivered the keys to the officers. The owner testified also that on a previous occasion he had gone with the defendant into the store and found empty whisky containers, and admonished the defendant that if he was dealing in liquors he would have to desist. The defendant remained silent. Empty whisky containers were found about the store. There were fifteen gallons of "bootleg whisky." This evidence made out a prima facie case

against the defendant. To overcome it this court would have to impute an unlawful act to the defendant's neighbors, or to strangers, of wrongfully taking his keys from the defendant's house or of obtaining a key elsewhere for an unlawful purpose, in order to acquit the defendant. While the law is extremely generous in throwing its protection around one accused of crime, yet we are unwilling to strain it to the extent contended for by the defendant, so as to impute extra illegal acts or trespass in order to acquit the defendant.

*Rehearing denied. Broyles, C. J., and MacIntyre, J., concur.*