## 29254. SUMMERVILLE v. THE STATE.

DECIDED OCTOBER 17, 1941.

*Emmett Smith,* for plaintiff in error.

*Earl Staples, solicitor,* contra.

GARDNER, J.  The defendant was convicted in the city court of Carrollton on an accusation containing two counts charging him with illegally possessing tax-unpaid whisky, and 'illegally possessing more than one quart of whisky.  He moved for a new trial on the general grounds and added several additional grounds by amendment.  The court overruled his motion and he excepted.  The evidence for the State substantially shows that the sheriff, his deputy, and another officer, with a search warrant, visited the premises of the defendant who was not there.  The premises consisted of a combination grocery store, garage, and dwelling place,—all under one roof.  The officers entered through the store and turned to the left into another room which was apparently used for storage. From this room a door led into another room used as a bedroom. Around the facing of the door in the storage room leading into the bedroom was a cleverly constructed trapdoor.  Behind the trapdoor the officers seized twenty-four pints of tax-unpaid whisky.  The sheriff testified that the previous occupants of the building had been under suspicion for violating the prohibition laws, and that the premises had been searched several times before the defendant acquired possession; that he had not previously looked for or discovered the trap; that the defendant had occupied the premises for quite a while; and that at the time of the search the wife of the defendant and an adult young man were present.  In his statement the defendant denied any knowledge of the trapdoor or the whisky. He introduced evidence to the effect that his father and adult brother lived with him and occupied the room adjoining the storage room, and several carpenters testified that the trap necessarily had to be constructed when the room was built and that no additions had been made since the defendant had occupied the premises.  In rebuttal the deputy sheriff testified that in his opinion the trap could have been constructed by means of a keyhole saw, without

leaving any signs, but on cross-examination he expressed doubt as to this conclusion.

As we view the case it is unnecessary to deal with the special grounds. From the evidence as related above it is readily discerned that the case against the defendant is wholly dependent on circumstantial evidence. The court very properly and correctly gave this principle in charge to the jury. The question of joint occupancy was material, and the court gave this principle in charge to the jury. There was no evidence to show actual knowledge on the part of the defendant of the whisky seized. The evidence was not sufficient to exclude every reasonable hypothesis save that of the guilt of the accused. *Lunceford* v. *Washington*, 17 *Ga. App.* 730 (2) (88 S. E. 212); *Cummings* v. *State*, 25 *Ga. App.* 427 (103 S. E. 687); *Toney* v. *State*, 30 *Ga. App.* 61 (116 S. E. 550); *Wilson* v. *State*, 32 *Ga. App.* 427 (123 S. E. 623); *Wingfield* v. *State*, 37 *Ga. App.* 504 (140 S. E. 762); *Kinsey* v. *State*, 40 *Ga. App.* 707 (151 S. E. 394). The court erred in denying the motion for new trial.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*