30927.   NORTON *v.* THE STATE.

Decided June 28, 1945.

636

*C. R. Vaughn, J. H. McCalla,* for plaintiff in error.

*Roy Leathers, solicitor-general,* contra.

Broyles, C. J. Raleigh Norton was convicted of possessing non-tax-paid intoxicating liquors. His motion for a new trial was denied and that judgment is assigned as error. The evidence amply authorized the verdict, and therefore the general grounds of the motion are without merit. Special ground 1 complains of the admission of the following testimony of a witness for the State: "As to what Raleigh's wife said to me in his presence there in the house, she was talking to Mr. Standley mostly and part of the conversation I didn't hear, but she asked Mr. Standley for us to keep him locked up until he got sober because Raleigh had been drunk for nearly a week." The testimony was objected to on the ground "that Norton's wife, although she was in his presence at the time she made the statement, could not be a competent witness in the case and could not testify either for or against her husband." The ground fails to allege that the defendant made any denial of his wife's statement; and therefore the ground, properly construed (most strongly against the movant), shows that he did not deny the statement. In *Bowen* v. *State*, 36 *Ga. App.* 666 (137 S. E. 793), this court held: "Notwithstanding the statutory inhibition against the giving of testimony by a wife against her husband in a criminal case, except 'for any criminal offense committed or attempted to be committed upon her person,' . . yet where a wife makes statements in the presence of her husband and a third person which would implicate her husband in the violation of a criminal statute, and the husband makes no denial thereof, the third person may testify as to these statements. Penal Code (1910), § 1029 [Code, § 38-409]; *Joiner* v. *State,* 119 *Ga.* 315 (46 S. E. 412). Such statements of the wife are admissible only when they are a part of the res gestæ *or where 'the circumstances require an answer or denial' on the part of the husband."* (Italics ours.) In the instant case, we think that the circumstances required a denial by the defendant of his wife's statement; and that the testimony of a third person as to the statement was admissible.

Special ground 2 alleges that after the admission of the testimony set forth in special ground 1, the court erred in failing, without a request therefor, "to give some charge to the jury or some

further explanation touching the competency of the husband or wife to give evidence against each other in criminal proceedings." The ground is without merit.

The evidence authorized the charge on "flight," and special ground 3, complaining of that charge, is without merit.

Special grounds 4 and 5 except to the following charge: "Now, I read to you the charge in the indictment, it being that the defendant did, in this county on the date alleged, have, control and possess alcoholic, spirituous and intoxicating liquors, taxes on the same *not having been paid as provided by law.* Our law provides that a person who possesses the beverages named in the indictment, in this county, must have paid the taxes fixed by law to be paid to the State upon said liquor or beverages, and if you should find from the evidence that the defendant did possess these liquors or beverages, or either of them, in this county, at any time within two years before this indictment was returned by the grand jury, *without the taxes on same having been paid as provided by law,* then that would constitute a misdemeanor under our law." (Italics ours.) The charge was excepted to on the grounds that it was confusing and misleading to the jury, in that it instructed them that it was incumbent on the person possessing said liquors to pay the taxes thereon, "and precluded the jury from passing on the question of whether or not such tax had been paid by some other person than this defendant." While the court erred in stating that a person who possesses said liquors must have paid the taxes thereon, he subsequently, in the above-quoted charge, correctly instructed the jury that if they should find from the evidence that the defendant possessed the liquors named in the indictment . . without the taxes thereon *having been paid as required by law,* he would be guilty of a misdemeanor. Furthermore, this is not a close case on its merits. The evidence for the State demanded a finding that the defendant was in possession of whisky on the date charged in the indictment, and amply authorized the jury to find that the whisky was non-tax-paid. The defendant introduced no evidence; and his statement to the jury was evidently rejected by them.

Under all of the particular facts of this case, we hold that the error in the charge does not require another hearing of the case.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*