31962.  PALMER *v.* THE STATE.

Decided April 24, 1948.

*Orrin Roberts*, for plaintiff in error.

*D. M. Pollock, Solicitor-General*, contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The first headnote requires no amplification, because the section of the Code and the cases cited constitute ample authority for this ruling.

■ The special assignment of error contained in the amended motion for new trial complains of an excerpt from the charge of the court, wherein the judge charged the jury the principle of law that the husband is recognized as the head of the family and as such is presumed to own and control the household effects including intoxicating liquors that may be found therein. This part of his charge related to certain evidence that a liquid smelling the same as the peach brandy which was found alongside the path, was poured out by someone in the house so that it ran through the floor, while the defendant himself was in the yard working on the automobile. The judge instructed the jury that there could be no conviction based on evidence of the liquor that was poured through the floor of the house. It was offered as additional circumstantial evidence against the defendant. It was admissible as such, but before it could be treated as a circumstance against the defendant, there must have been an inference that it belonged to him. Therefore, and in this connection, the court properly submitted to the jury the principle of law complained of in the amended motion for new trial.

However, the evidence, even with this circumstance, is still insufficient to convict.

In *Roper* v. *State* and *Wright* v. *State*, supra, these being cases in which the evidence was held insufficient to support the ver-

dict, in addition to circumstances equally as strong as those of the instant case other receptacles were found on the premises which had recently contained whisky. We think that the pouring out of the liquid in the house, smelling the same as that found by the side of the path, is no stronger circumstance than that of finding other receptacles on the premises which had recently contained whisky.

While the special assignment of error is without merit, the evidence is insufficient to support the verdict, and the trial court erred in overruling the motion for new trial.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*