### 32356. ACKER *v.* THE STATE.

GARDNER, J. (*a*) The defendant was convicted of possessing non-tax-paid whisky. He filed an amended motion for a new trial, which was overruled. He brings the case here for review. The jury were authorized to find that an enforcement officer of the State Revenue Department,

and others, who obtained a search warrant, searched the premises of the defendant. The searchers found about three cases of half-gallon fruit jars on the back porch and in the kitchen. They examined about six of these jars and each had about a spoonful of whisky in it. These jars did not have Georgia revenue stamps on them. The jury were authorized to find further that the searchers found a half pint bottle about two-thirds full of whisky in a well house about thirty steps away from the defendant's house. There was no revenue stamp on this container. The searchers followed tracks on an old road which led toward an abandoned sawmill site. They found six gallons of whisky in half-gallon jars hidden in honeysuckle vines about 150 yards from the defendant's house. These containers did not have revenue stamps on them. The jars containing the six gallons of whisky were similar to those found on the defendant's porch and in his kitchen. There were tracks leading from the defendant's premises to this whisky. The tracks went no further than the whisky. The nearest house to this whisky, other than the defendant's, was four hundred yards away. The defendant and his wife and two sons, one 17 years old and one 15 years old, lived on the property where all the whisky was found. The evidence for the defendant conflicted with that of the State in some particulars.

(b) Counsel for the defendant do not argue the general grounds. The evidence is amply sufficient to sustain the verdict on those grounds.

(c) Special ground 1 complains of the following charge: "Because the court erred in charging the jury as follows: 'I charge you further, gentlemen, this principle of law: That under the law the husband is considered the head of the house and is presumed to be in control and custody and possession of all that is within it, including the household effects and intoxicating liquors, if there are any there. I charge you further, that that is a rebuttable presumption and may be overcome by competent evidence and testimony.'" The court did, in another portion of the charge, instruct the jury: "you would be authorized if you find he did have any, to convict him, if he knowingly had in his possession any quantity thereof of non-tax-paid liquor." When the State established that the contraband whisky was found on the premises of the defendant, he being the head of the house, the presumption arose that he knew that the whisky was there and that it was his possession. This was a rebuttable presumption. The jury were authorized to infer that the defendant did not rebut it. See *Bollen* v. *State,* 53 *Ga. App.* 359 (185 S. E. 837); *Morris* v. *State,* 51 *Ga. App.* 145 (179 S. E. 822). This ground is without merit.

(d) Special ground 2 raises the same principle of law as special ground 1. It is therefore without merit.

(e) Special ground 3 complains because the court failed to charge the law of circumstantial evidence. Under the facts of this case the conviction does not depend wholly upon circumstantial evidence. In *Morris* v. *State,* supra, this court said: "Where one is accused of unlawfully having, possessing, and controlling intoxicating liquors, the essential element in the crime is the having, possessing, or controlling of the liquor knowingly; and when the State, by direct evidence, showed that liquor was found in the defendant's home, that he and his wife

resided together, and that they were the only persons present in the home at the time of the finding of the liquor, this was direct evidence, and tended to establish the State's case on all the elements of the crime, including knowledge, for the law presumes the liquor belonged to·the defendant as the head of the family. . . It was not error, in the absence of a written request, for the court to fail to charge the jury on the law of circumstantial evidence." To the same effect see *Gilder* v. *State,* 52 *Ga. App.* 252 (183 S. E. 95). It thus appears that this special ground is without merit.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*

DECIDED MARCH 18, 1949.

▬▬▬▬▬▬

*Maddox & Maddox,* for plaintiff in error.

*W. T. Maddox, Solicitor-General,* contra.