32581.   WEEHUNT *v.* THE STATE.

Decided November 5, 1949.

372

*W. L. Nix, Allison & Pittard,* for plaintiff in error.

*Hope D. Stark, Solicitor-General,* contra.

GARDNER, J. It will be observed that the verdict is based wholly upon circumstantial evidence, as will be seen from the evidence introduced by the State. This being true, we do not think it is sufficient to exclude every other reasonable hypothesis save that of the guilt of the accused. See in this connection *Thomas* v. *State,* 65 *Ga. App.* 26 (14 S. E. 2d, 610); *Oliver* v. *State,* 65 *Ga. App.* 35 (14 S. E. 2d, 609); *Newberry* v. *State,* 66 *Ga. App.* 176 (17 S. E. 2d, 605); *Roper* v. *State,* 67 *Ga. App.* 272 (19 S. E. 2d, 746). The facts in the case of *Aikens* v. *State,* 57 *Ga. App.* 535 (196 S. E. 263), relied upon by the State, to sustain the conviction of Weehunt, are so different from the facts in the instant case that we do not think the *Aikens* case is authority for sustaining the verdict and sentence of the lower court in the instant case. The evidence is not sufficient to sustain the fact that the contraband whisky was found on the premises which were owned or in the possession of the defendant. The evidence is positive that the defendant with his family lived in the home, but the evidence is silent as to whether the son of the defendant and Roper, who fled from the home of the defendant when the officers approached, lived there or not. If they did live there, then the question of joint occupancy would be involved. *Summerville* v. *State,* 66 *Ga. App.* 61 (17 S. E. 2d, 82).

In the whole view of the case, the evidence is insufficient to sustain a conviction.

*Judgment reversed. MacIntyre, P. J., and Townsend, J., concur.*