33772. CORBIN *v.* THE STATE.

TOWNSEND, J. 1. A conviction depending entirely upon circumstantial evidence must negative every reasonable hypothesis save that of the guilt of the accused. Where the conviction depends entirely upon the circumstance of liquor being found on premises belonging to or under the control of the defendant, and where such liquor is located by a public path, in a public part of a building, in an uninclosed field by a traveled road or alley, or other circumstances appear not negativing the possibility that another than the defendant might have had opportunity to conceal the liquor in the place where it was found, a conviction is unauthorized. *Summerville* v. *State,* 68 *Ga. App.* 13 (21 S. E. 2d, 909); *Cummings* v. *State,* 25 *Ga. App.* 427 (103 S. E. 687); *Wright* v. *State,* 48 *Ga. App.* 302 (172 S. E. 687); *Kennedy* v. *State,* 23 *Ga. App.* 141 (97 S. E. 894); *Palmer* v. *State,* 76 *Ga. App.* 881 (47 S: E. 2d, 604); *Roper* v. *State,* 67 *Ga. App.* 272 (19 S. E. 2d, 746); *Gray* v. *State,* 51 *Ga. App.* 458 (180 S. E. 758); *Graham* v. *State,* 51 *Ga. App.* 93 (179 S. E. 637); *Jelks* v. *State,* 36 *Ga. App.* 638 (137 S. E. 840).

2. Where, as here, it appears that the defendant is in sole control of the premises and the public does not have access thereto, where the only tracks from the cache of liquor lead to the defendant's home and fresh tracks show recent travel from the house to the liquor, and where there are no other residents in the vicinity and the cache is not near any road, trail, alley, or path used by others than the defendant and his household, the evidence, though circumstantial, is sufficient to negative every other reasonable hypothesis save that of the guilt of the accused. *Henderson* v. *State,* 45 *Ga. App.* 235 (164 S. E. 70); *Johnson* v. *State,* 41 *Ga. App.* 327 (152 S. E. 920); *Whittemore* v. *State,* 36 *Ga. App.* 299 (136 S. E. 806); *Aikens* v. *State,* 57 *Ga. App.* 535 (196 S. E. 263); *Lamb* v. *State,* 36 *Ga. App.* 306 (136 S. E. 331); *Hale* v. *State,* 50 *Ga. App.* 99 (176 S. E. 919); *Wynn* v. *State,* 38 *Ga. App.* 262 (143 S. E. 599); *Cook* v. *State,* 33 *Ga. App.* 571 (127 S. E. 156). Where,

upon the approach of the arresting officers, an attempt is made to dispose of liquid identified by the witnesses by a sense of smell as being whisky or whisky poured into water, this is a circumstance which may also be considered. *McQuire* v. *State,* 82 *Ga. App.* 132, (60 S. E. 2d, 526). The verdict here was supported by the evidence.

*Judgment affirmed. Gardner, J., concurs. MacIntyre, P. J., concurs in the judgment.*

DECIDED OCTOBER 23, 1951.

*W. B. Mitchell, Alvin B. Mitchell,* for plaintiff in error.
*William M. West, Solicitor-General, Charles F. Adams,* contra.