### 33801.  HARPER v. THE STATE.

DECIDED JANUARY 22, 1952.

254

*J. T. Sisk,* for plaintiff in error.

*Carey Skelton, Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ A careful examination of the evidence discloses that the mother of the defendant and Columbus Self had equal opportunity with the defendant to possess the liquor found in the hallway of the house; also, that the mother of the defendant, Columbus Self, and the tenant of the defendant's mother had equal opportunity with the defendant to possess the liquor found in the corn crib.

■ The jury was authorized to disregard the testimony of the hired man to the effect that all the liquor found on the premises was his liquor, and that the defendant was in no way connected with it, because of a prior contradictory statement he had made to the officers. See Code, § 38-1803. When his testimony is thus disregarded, however, he is not eliminated as one of the persons who could have committed the crime merely because the jury elected to disregard his testimony that he was the one who owned it. So treated, it must be placed in the same category as if he had not testified at all. The other persons having equal opportunity with the defendant to commit the crime did not testify. The evidence therefore is not sufficient to exclude every reasonable hypothesis save that of the guilt of the accused.

■ As between husband and wife, there is a presumption of law that whisky found in the home belongs to the husband, who is the head of the house. *Morris* v. *State,* 51 *Ga. App.* 145 (179 S. E. 822); *Acker* v. *State,* 78 *Ga. App.* 819 (e) (52 S. E. 2d, 559); *Gilder* v. *State,* 52 *Ga. App.* 252 (183 S. E. 95). But such a presumption cannot be broadened to include all relatives who may be living in the same house with the defendant, and this is all the more true where the relative here, an adult woman who is the defendant's mother, is not living in her son's home but,

on the contrary, the son and his family are living with the mother, who owns the home and farms a part of the adjoining land in her own right, employing a laborer for this purpose. The facts here are such that others than the defendant had equal opportunity to commit the offense. *Summerville* v. *State,* 68 *Ga. App.* 13 (21 S. E. 2d, 909); *Cummings* v. *State,* 25 *Ga. App.* 427 (103 S. E. 687); *Wright* v. *State,* 48 *Ga. App.* 302 (172 S. E. 687); *Kennedy* v. *State,* 23 *Ga. App.* 141 (97 S. E. 894); *Palmer* v. *State,* 76 *Ga. App.* 881 (47 S. E. 2d, 604); *Roper* v. *State,* 67 *Ga. App.* 272 (19 S. E. 2d, 746); *Gray* v. *State,* 51 *Ga. App.* 458 (180 S. E. 758); *Graham* v. *State,* 51 *Ga. App.* 93 (179 S. E. 637); *Jelks* v. *State,* 36 *Ga. App.* 638 (137 S. E. 840).

■ One of the two special assignments of error is considered with the general grounds, and the other is not passed upon, since it is not likely to occur in another trial.

The trial court erred in overruling the motion for a new trial.

*Judgment reversed. Gardner, J., concurs. MacIntyre, P.J., concurs specially.*

MacIntyre, P. J., concurring specially. Where the defendant and his family, over whom he has the right of control, reside together, the legal presumption is that the house and the household effects, including intoxicating liquors, belong to him as head of the family. *Isom* v. *State,* 32 *Ga. App.* 75 (122 S. E. 722). This presumption is, of course, rebuttable. In this case, however, Columbus Self, a person other than the defendant or a member of the defendant's family, lived in the defendant's house; and there was no evidence that Self did not have control or possession of such intoxicating liquors as were discovered in the defendant's house, except the testimony of witnesses as to what Self, not the defendant, had told them; and, while this testimony, under the facts of this case, might have been used for the purpose of impeaching the witness Self, it was pure hearsay as far as the defendant's possession of the intoxicating liquors was concerned, and was of no probative value. The State, I think, for that reason did not carry the burden of proving beyond a reasonable doubt that the defendant was in possession of the prohibited liquors.