35152. WALKER *v.* THE STATE.

Decided May 13, 1954.

*Titus, Altman & Johnson,* for plaintiff in error.

*Marcus B. Calhoun, Solicitor,* contra.

GARDNER, P. J. Counsel for the defendant argue that the evidence offered by the State was entirely circumstantial, and failed to exclude every reasonable hypothesis save that of the defendant's guilt, and cite in support of this contention *Mullins* v. *State,* 24 *Ga. App.* 357 (100 S. E. 755), and *Gray* v. *State,* 51 *Ga. App.* 458 (180 S. E. 758). The facts in these cases are not on all fours with the facts in the instant case and are not authority for a reversal of this case. Counsel also cite *Pruett* v. *State,* 36 *Ga. App.* 625 (137 S. E. 788). The facts in that case are not similar to the facts in the instant case. In fact, in all three of the cases cited by. counsel for the defendant, we find no mention of a path leading directly from the home of the defendants in those cases to the place where the whisky was found. There is such evidence in the instant case, which takes it out of the field of circumstantial evidence.

We think that *Aikens* v. *State,* 57 *Ga. App.* 535 (196 S. E. 263), shows facts almost exactly like those in the instant case. In that case, as here, the only path to the whisky led from the defendant's place of business or home. In that case a witness testified: "I don't know whose land the whisky was found on. . ." The defendant in that case was convicted. In the instant case there was also testimony that the officers did not know on whose place the whisky was found. See also *Whittemore* v. *State,* 36 *Ga. App.* 299 (136 S. E. 806), and *Craig* v. *State,* 41 *Ga. App.* 225 (152 S. E. 594). In *Corbin* v. *State,* 84 *Ga. App.* 763 (67 S. E. 2d 478), this court said: "A conviction depending entirely upon circumstantial evidence must negative every reasonable hypothesis save that of the guilt of the accused. Where the conviction depends entirely upon the circumstance of liquor being found on premises belonging to or under the control of the defendant, and where such liquor is located by a public path, in a public part of a building, in an uninclosed field by a traveled road or alley, or other circumstances appear not negativing the possibility that another than the defendant might have had opportunity to conceal the liquor in the place where it was found, a conviction is unauthorized."

It will be noted that this headnote uses the words "public

path," while the facts in the instant case show that the path was a private path. Moreover, headnote 2 of the *Corbin* case reads: "Where, as here, it appears that the defendant is in sole control of the premises and the public does not have access thereto, where the only tracks from the cache of liquor lead to the defendant's home and fresh tracks show recent travel from the house to the liquor, and where there are no other residents in the vicinity and the cache is not near any road, trail, alley, or path used by others than the defendant and his household, the evidence, though circumstantial, is sufficient to negative every other reasonable hypothesis save that of the guilt of the accused. *Henderson* v. *State,* 45 *Ga. App.* 235 (164 S. E. 70); *Johnson* v. *State,* 41 *Ga. App.* 327 (152 S. E. 920); *Whittemore* v. *State,* 36 *Ga. App.* 299 (136 S. E. 806); *Aikens* v. *State,* 57 *Ga. App.* 535 (196 S. E. 263); *Lamb* v. *State,* 36 *Ga. App.* 306 (136 S. E. 331); *Hale* v. *State,* 50 *Ga. App.* 99 (176 S. E. 919); *Wynn* v. *State,* 38 *Ga. App.* 262 (143 S. E. 599); *Cook* v. *State,* 33 *Ga. App.* 571 (127 S. E. 156)."

The testimony of Sheriff Law puts the instant case on all fours with the testimony in the case immediately above quoted.

The evidence, while partly circumstantial, was amply sufficient to exclude every other reasonable hypothesis save that of the guilt of the accused.

The trial court did not err in denying the motion for a new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*