## 37294. DEFREESE v. THE STATE.

TOWNSEND, Judge. 1. While there is a legal presumption that, where husband and wife are living together, all household effects, including intoxicating liquor, are in possession of the husband, the presumption is rebuttable and may be offset by proof that such property is in fact not that of the husband. No such presumption would arise as to business premises owned and operated by the wife. See *Barron* v. *State*, 46 *Ga. App.* 829 (169 S. E. 323).

2. The evidence in this case shows that the premises in question were purchased by the defendant's wife and consisted of a restaurant business on the ground floor which she operated, rooms upstairs where the defendant and his wife lived, and a trailer in the back yard belonging to the defendant's mother-in-law. The restaurant was a well frequented place of business. The liquor in question was found in or near a garbage pile accessible to the restaurant and the trailer as well as the living quarters of the defendant. The defendant himself was a practicing physician whose office was located some 35 miles distant and who practiced regularly in the place in which his office was located, coming home in the evenings. Many witnesses testified to his good character. All of this evidence taken together fails to negative every reasonable hypothesis save that the accused was guilty of possessing a prohibited quantity of tax-paid liquor in Gwinnett County, a dry county. See *Corbin* v. *State*, 84 *Ga. App.* 763(1) (67 S. E. 2d 478); *Summerville* v. *State*, 68 *Ga. App.* 13 (21 S. E. 2d 909).

3. Even in a dry county, it is not illegal to possess one quart of liquor on which the State alcoholic revenue tax has been paid. Code (Ann.) § 58-1073. There was evidence in this case which would authorize the jury to find that there was one quart of liquor in the house in a "deep freeze" and that well over this amount was located outside. The charge of the court, "If you believe . . . that this defendant in this county . . . did knowingly have the named liquor therein *or any liquor* then it would be your duty to convict him" authorized the jury to convict although they might believe that the defendant did not knowingly possess the liquor found outside the house, but did knowingly possess that found in the freezer, which, by itself and being not over one quart, might legally have been possessed by the defendant. The court erred

in so charging as to lead the jury to believe that the posses-sion of tax-paid liquor in any amount would be a criminal offense.

The trial court erred in denying the motion for new trial as amended.

*Judgment reversed.   Gardner, P.J., and Carlisle, J., concur.*

DECIDED SEPTEMBER 16, 1958.

*J. Ray Merritt, Dan Copeland,* for plaintiff in error.
*Alfred A. Quillian, Solicitor-General,* contra.