### 39185. HARRIS v. THE STATE.

NICHOLS, Presiding Judge. The defendant was convicted of possessing a quantity of non-tax-paid liquor. The defendant was sentenced on July 1, 1961, to twelve months in a public works camp; however, such sentence provided that upon the payment of a fine on or before August 1, 1961, the sentence would be suspended during such time as the defendant complied with various requirements (probation). While the defendant's motion for new trial, based on the usual general grounds only, was pending in the trial court the defendant tendered the amount of the fine to a deputy sheriff who accepted the same conditionally, the receipt stating that it would be refunded in the event a new trial was granted:

Thereafter, the trial court overruled the motion for new trial and the defendant excepted. The solicitor has filed a motion to dismiss the writ of error on the ground that the payment of the amount of the fine to the deputy sheriff rendered the questions moot.

1. Where a sentence provides for a fine and a suspended period of confinement during good behavior the payment of the fine does not finally dispose of the case so as to render moot a motion for new trial. See *Perry v. State*, 62 Ga. App. 115 (2) (8 SE2d 425). Accordingly, whether the defendant's payment to the deputy sheriff constituted a payment of the fine need not be considered. The motion to dismiss the writ of error is denied.

2. The evidence, though circumstantial, showed that the non-tax-paid liquor was found on the premises occupied by the defendant, that it was found near a private path leading from the defendant's yard to a hog pen, and that, while the liquor was nearer the public highway than the defendant's house, there was no evidence that anyone had gone up or down the steep bank which was located between the liquor and the highway. There was no evidence of anyone other than the defendant having control of the premises. The evidence, though circumstantial, was sufficient to exclude every other reasonable hypothesis save that of the guilt of the accused (see *Walker v. State*, 90 Ga. App. 183, 82 SE2d 258), and the trial court did not err in overruling the defendant's motion for new trial based upon the usual general grounds only.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*

DECIDED NOVEMBER 16, 1961.

*Claude N. Morris*, for plaintiff in error.
*Jack Murr, Solicitor*, contra.