### 41287. TAYLOR v. THE STATE.

NICHOLS, Presiding Judge. ■ "Where, as here, a conviction depends entirely upon circumstantial evidence, such evidence must be such as to exclude every other reasonable hypothesis save that of the guilt of the accused." *Gibbs v. State,* 91 Ga. App. 519 (1) (86 SE2d 369).

■ The evidence adduced upon the trial of the defendant, charged with possessing nontax-paid liquor, was that no liquor was found in the defendant's home, but that it was found in a

plum thicket some 20 or 22 feet from the back steps of his house. There was uncontradicted evidence that the thicket was not on the defendant's premises and was not owned or rented by him. There was also testimony of other families living within a few feet of the thicket and of such other families using the path through the plum thicket although the arresting officers testified that the path did not go through the plum thicket. Such evidence, under the decision in *Freeman v. State*, 84 Ga. App. 757, 759 (67 SE2d 314), and in numerous cases there cited was insufficient to exclude every other reasonable hypothesis save the guilt of the accused, and is distinguishable from cases exemplified by *Walker v. State*, 90 Ga. App. 183 (82 SE2d 258), and *Harris v. State*, 104 Ga. App. 796 (123 SE2d 164), where the evidence showed a path from the defendant's residence to the liquor and there was no evidence of others using such path. The evidence was insufficient to authorize the verdict and the trial court erred in overruling the defendant's motion for new trial based on the usual general grounds only.

*Judgment reversed. Eberhardt and Pannell, JJ., concur.*

ARGUED MAY 4, 1965—DECIDED MAY 13, 1965.

*Rupert A. Brown,* for plaintiff in error.
*Preston M. Almand, Solicitor,* contra.