## LUMPKIN *et al. v.* THE STATE.

Before the sayings of a third person, made in the presence of one who is subsequently charged with the commission of a criminal offense, should be admitted in evidence against him, there should be proof affirmatively disclosing that the circumstances were such as to call upon the accused to make some response to what was said in his presence. The circum-

stances must require an answer or denial, or other conduct, before silence will amount to an implied admission.

Argued February 19,—Decided March 22, 1906.

Indictment for robbery. Before Judge Roan. Fulton superior court. January 13, 1906.

*T. J. Ripley, R. R. Shropshire,* and *W. E. Suttles,* for plaintiffs in error. *C. D. Hill, solicitor-general,* contra.

EVANS, J. The plaintiffs in error were jointly indicted for robbery, and, upon their conviction, moved for a new trial, which was refused. They sued out a bill of exceptions, assigning error upon the overruling of their motion for a new trial, in which they complained, among other things, of the illegal admission of certain testimony. The prosecutor testified that he was set upon by three negro women and a sum of money was forcibly taken from his person by one of them. The pressure of the case was upon the identity of the accused. Another witness testified, that he was a police officer and received a telephone request to come to the scene of the alleged robbery, that he promptly responded and arrived there within a few minutes, when he was informed by the prosecutor that he had been robbed by three women; that the prosecutor indicated a house in which he said the three women had gone, after the robbery, whereupon the witness knocked on the door and entered a room in which he found two of the defendants and a colored man. Over objection of counsel for the accused, this witness was further permitted to testify: "I hadn't mentioned anything about what we were wanting at all, and this negro man spoke up and says, 'How much money did they get off of the old man?' That was before I opened my mouth in the presence of these women. He said it in their presence and before he knew what we wanted at all." The objection to this testimony was that the sayings of a third party could not bind the defendants, even though made in their presence. The court overruled this objection, in so far as concerned the two defendants who were present in the room when this occurred.

Before the sayings of a third person, made in the presence of one who is subsequently charged with the commission of a criminal offense, should be admitted in evidence against him, there should be proof affirmatively disclosing that the circumstances were such as to call upon the accused to make some response to what was said

in his presence.   The circumstances must require an answer or denial, or other conduct, before silence will amount to an implied admission.   Penal Code, §1003.   The only purpose for which the evidence objected to could be used by the prosecution was to make it the foundation of an inference that the two women found in the room with this negro man had informed him of the robbery, and that he knew they had robbed the prosecutor, and that the officer, accompanied by the prosecutor, was upon their track and had discovered their whereabouts.   If in point of fact the negro man was told by the women of the robbery, he was a competent witness to so testify; and it was incumbent on the State to prove its case by direct evidence, not by mere hearsay.   For aught that appears, this third person may have obtained his knowledge of the robbery from a report made by the person who was robbed, or from persons other than the defendants; and the fact that he made the remark to the officer in the presence of two of the defendants did not demand an explanation from them as to the source from which he had acquired his information concerning the robbery.   The remark was addressed to the officer, not to them, and it is purely a matter of inference whether or not the speaker referred to the defendants as the persons who had taken the money of the prosecutor.   Unless the accused understood that he meant to charge them with the robbery, certainly they were under no obligation to make any explanation or reply.   *Simmons* v. *State,* 115 *Ga.* 576 and cit.   As was said by Warner, J., in *Rolfe* v. *Rolfe,* 10 *Ga.* 146, nothing "can be more dangerous than this kind of evidence.   It should always be received with caution, and never ought to be received at all unless the evidence is of direct declarations of that kind which naturally calls for *contradiction;* some assertion made to *the party* with respect to *his right,* which, by his silence, he acquiesces in."   In the present case it does not appear that the defendants in whose presence the remark was made remained silent or indicated by their conduct that they understood they were under suspicion, or that the remark made to the officer had any reference to them.   Under the circumstances, we think the accused were not called on to speak, and that the court should have rejected the testimony of the officer to which objection was made.

The other assignments of error relate to matters with which it is unnecessary to deal, as we feel constrained to order a new trial

for the reasons above indicated, and none of the questions thereby presented can have any practical bearing upon .another hearing of the case.          *Judgment reversed.   All the Justices concur.*