18278. SWAIM *v.* BARTON.

Submitted July 13, 1953—Decided September 14, 1953.

*William Butt, Herman J. Spence, Pat Haralson, Ben F. Carr,* for plaintiff in error.

*A. J. Martin, H. G. Vandiviere, H. L. Buffington, Jr.,* contra.

ALMAND, Justice. Guy A. Barton and Mrs. Esta S. Barton brought their equitable petition against Chester A. Swaim, the father of Mrs. Barton, wherein they sought to require the defendant to perform specifically a contract, and to obtain injunctive relief. It was alleged that the defendant orally agreed in 1949 to give to the plaintiffs a tract of land in Fannin County of approximately 773 acres, with improvements thereon; that they accepted the gift by taking possession thereof and living thereon for more than three years, making valuable improvements on the same; and that the defendant was attempting to sell the property as his own and to dispossess the plaintiffs. The defendant in his answer denied the material allegations of the petition. He admitted that the plaintiffs took possession of the land in 1949, but that they did so under a rental agreement, as tenants. In paragraph 14 of his answer, the defendant alleged that, after he had rented the farm to the plaintiffs, Barton informed him that he, Barton, had been indicted for the offense of larceny in Tennessee, and upon his arrest the defendant signed his appearance bond; and that he did this through the kindness of his heart, to prevent his daughter's husband from being convicted as a criminal. On December 17, 1952, the plaintiffs' special demurrer, on the grounds that these allegations (a) constituted no valid defense to the petition, (b) were not germane to the plaintiffs' cause of action, and (c) were irrelevant, immaterial, and prejudicial, was

sustained. The defendant excepted pendente lite to this ruling. On December 18, 1952, the plaintiffs by amendment struck Guy A. Barton as a party, and the case proceeded to trial before a court and jury. The jury returned a verdict in favor of the plaintiff, and the defendant's motion for new trial as amended was overruled. The case is here on a bill of exceptions which assigns error on the ruling complained of in the exceptions pendente lite and on the order denying the amended motion for new trial.

1. The assignments of error on the exceptions pendente lite, and on the overruling of the second ground of the amended motion for new trial, will be considered together. During the trial, after Guy A. Barton had been stricken as a party plaintiff, the court refused to permit the defendant to testify as to a conversation he had with Barton in the presence of his wife in January, 1949, after the Bartons moved to the farm, in which Barton stated that he was in bad financial circumstances, that he needed money to pay his debts, and that the Tennessee authorities had sworn out a warrant for his arrest. The second ground of the amended motion for new trial complains of this ruling.

There was no error in either of these rulings. The allegations in paragraph 14 of the answer related to a conversation between the defendant and Barton occurring subsequently to the time the plaintiff took possession of the farm, as to matters in which Mrs. Barton had no interest or concern, and were irrelevant and immaterial to any issue made by the pleadings. Furthermore, even if the ruling complained of in the exceptions pendente lite was error when made, it was rendered harmless by the subsequent amendment which was allowed without objection, striking Barton as a party plaintiff. The conversation between the defendant and Barton about which the court refused to permit the defendant to testify related to the same matter set out in paragraph 14 of the answer, which was stricken on demurrer. Though Mrs. Barton was present and heard the conversation, she would not be bound on the theory that she acquiesced in what her husband said, because this conversation involved matters irrelevant to any issue on trial, and did not call for a denial or reply by her. Code § 38-409; *Lumpkin* v. *State*, 125 *Ga.* 24 (53 S. E. 810) ; *Bowen* v. *State*, 36 *Ga. App.* 666 (137 S. E. 793).

2. On examination of the defendant while testifying in his own behalf, counsel for the plaintiff asked him if on direct examination he, the defendant, did not say in January, 1949, that he was going to will the farm to the plaintiff, and to this question he replied, "At my death." To the question, "Have you made a will?," counsel for the defendant objected on the ground that it was irrelevant and immaterial as to whether the defendant had made a will or not, and that his statement on direct examination was that he would make a will in favor of the plaintiff if the plaintiff and her husband would move on the farm and improve it. The objection was overruled and the defendant was permitted, over objection that there was higher and better evidence, to state in reply to a question as to whether he had made a will, that he had made a will but did not will the farm to the plaintiff. On direct examination, the defendant testified that in January, 1949, he told the plaintiff and her husband: "If they improved the farm and kept it at the time of my death I meant for my daughter to have it. . . I have never said to either of them that I was going to make to them a deed to it before my death. . . I have said that I intended to give it to her at my death, that I intended to do that." The only way the defendant could give the property to his daughter at his death was by a will, and since on direct examination he brought into the trial the question of his intention to give the farm to his daughter at his death, counsel for the plaintiff had the right on cross-examination to go into the matter of his making or not making a will. Ground 1 of the amended motion does not show reversible error.

3. The court, in charging the jury the contentions of the parties, said: "She [the plaintiff] contends that he [the defendant] gave her the property back in 1949, and that as the result of that gift she moved onto the property along with her family and made certain improvements thereon, and she contends that she spent something like $10,000 on the property in work and money." Ground 3 of the amended motion assigns error on this charge, on the ground that it was prejudicial, being a misstatement of the evidence and not adjusted to the evidence, in that there was no evidence that the plaintiff had expended any sum in either money or work on the property in question. The plain-

tiff in paragraph 17 of her petition alleged "that the value of their services in improving said farm, based on the prevailing scale paid to farm laborers, will exceed $6,000, and that as of the date of the filing of this petition, their investment in services and money in said farm will approximate $10,000." She testified that she and her husband moved onto the farm; that permanent improvements were made to the soil thereon by application of lime and phosphate to it; that they planted 25 to 30 acres of Ladino clover and orchard and rye grass, installed hot water in the house, screened it and put a porch on it, installed a shower bath and painted the interior, built an outside toilet, and built a small chicken house, bought electric wiring and did the labor of wiring the house, made new walkways around the house, fenced the hog pasture and sowed that; and that the value of the property was between eight and ten thousand dollars.

In the charge complained of, the court instructed the jury as to the contentions of the plaintiff made in her pleadings, and such charge was not subject to the objections asserted in this ground, the same being supported by the evidence.

4. Ground 4 of the amended motion complains of the court's charge to the jury, that "You will base your verdict upon the evidence as it comes from the witness stand, or from any papers introduced in the trial." It is asserted that this charge was erroneous, injurious, and prejudicial, because no papers or documentary evidence was introduced in the trial; that this portion of the charge was given along with instructions as to the contentions of the parties, and by the use of the word "papers" the jury were led to believe that they were authorized to consider the plaintiff's pleadings as being papers introduced in evidence.

The portion of the charge complained of was contained in the last sentence of the court's instructions to the jury as to the contentions of the parties as made in the pleadings. After informing the jury as to the contentions of the parties, the judge stated to them that he did not give all of the contentions in detail, because "You will have all the papers out with you, and you may refer to the papers if you wish and get their contentions more in detail. . . I charge you that the contentions of the parties are not evidence," and then continued, "That is just what each side contends, and you will base your verdict upon the evi-

28

dence as it comes from the witness stand, or from any papers introduced in the trial." Taking the part of the charge complained of in its proper association with the charge immediately preceding it, it would seem that the jury could not reasonably draw a conclusion that the plaintiff's petition could be considered by the jury as "any papers" introduced in evidence. The charge was not subject to the objections made in this ground.

5. The evidence, though conflicting on the main issues in the case, was sufficient to support the verdict. It was not error to deny the motion for new trial as amended.

*Judgment affirmed. All the Justices concur, except Atkinson, P.J., not participating.*