*R. D. Meader,* contra.

---

## 15845.   GRACE v. THE STATE.

BLOODWORTH, J.  1. There was no error harmful to the defendant in the following instructions to the jury: "If the defendant in this case was merely, at the time charged in the accusation, taking a drink offered him by a friend or some other party, and merely had the bottle of liquor in his possession at the time for the purpose of taking a drink, without any intention on his part to possess the liquor, or without control of the liquor, then, in that event, he would not be guilty of possessing liquor; but, on the other hand, I charge you if the defendant was in the possession and custody of this liquor, and he had authority over this liquor at the time these officers saw him, he would be guilty and you would be authorized to so find."  See *Bell* v. *State*, 21 *Ga. App.* 788 (95 S. E. 270).

2. "Under the facts disclosed by the record, this court can not say that the verdict of the jury is without support from the testimony or so far contrary to it as to authorize this court to determine that the trial judge abused his discretion in refusing to grant a new trial. The law allows him to refuse or grant new trials in the exercise of a legal discretion, but it does not give this court any discretion in the matter.  It can only grant new trials when errors of law have been committed, or when the trial judge has abused his discretion in refusing a new trial."  *Smith* v. *State*, 91 *Ga.* 188 (17 S. E. 68).  See also *Presley* v. *State*, 24 *Ga. App.* 143 (99 S. E. 891), and cit.

<em>Judgment affirmed.  Broyles, C. J., and Luke, J., concur.</em>

DECIDED NOVEMBER 13, 1924.

Accusation of possession of liquor; from city court of Floyd county—Judge Bale. July 14, 1924.

*F. W. Copeland,* for plaintiff in error.

*James Maddox, solicitor,* contra.