## 17693. JACKSON *v.* THE STATE.

BROYLES, C. J. The evidence tending to connect the accused with the offense charged was wholly circumstantial, and was not sufficient to exclude every reasonable hypothesis save that of her guilt, and the refusal to grant her a new trial was error.

*Judgment reversed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED DECEMBER 14, 1926.

Possessing liquor; from city court of Floyd county—Judge Bale. October 4, 1926.

Osie Jackson was convicted on the charge of having had possession and control of intoxicating liquor. From the evidence it appeared that the defendant was a widow residing in a two-story house which she had occupied for some years and in which her married daughter and the daughter's husband and children were living, and had for a few months been living, when officers found "corn liquor" on the premises. A negro man was standing at the front door of the house at night with money in his hand when one of the officers went to the door and into the front room and to the kitchen, which adjoined it, and into which a light shone from the front room, and on entering the kitchen saw the defendant's daughter, who was alone, throw against the wall some corn liquor from a half-gallon boiler. A funnel and some bottles were found in the kitchen, but on a search of the house no other liquor was found. The defendant was then arrested, and after she had been in jail two days the officers went back to the same house and

Criminal Law, 16 C. J. p. 764, n. 54.
Intoxicating Liquors, 33 C. J. p. 761, n. 53.

dug into the dirt in a hog-pen on the premises and there found three pints of corn liquor. The house and the hog-pen were in the same enclosure. Other families lived in adjoining houses. A negro man who spent a part of the time in Alabama lived in the same house, but was not there when the liquor was found. The officers had been to the house several times before the discovery of this liquor. The defendant, in her statement at the trial, said that she did not know anything about the liquor, that if there was liquor on the premises it was not hers, that the hogs in the pen were not hers and she had nothing to do with the pen, and that she was making change for a neighbor when the officer came rushing in by her and went back into the kitchen.

*Porter & Mebane,* for plaintiff in error, cited: *30 Ga. App.* 61; *32 Ga. App.* 427; *28 Ga. App.* 625; Id. 463; *29 Ga. App.* 388; *33 Ga. App.* 678; *34 Ga. App.* 699; *25 Ga. App.* 427; *24 Ga. App.* 268; *23 Ga. App.* 141; Id. 9; *29 Ga. App.* 47; *28 Ga. App.* 543; *24 Ga. App.* 357.

*Alec Harris, solicitor,* contra.