## 17713.   YOUNG *v.* THE STATE.

The finding of whisky in and near the house in which the defendant resided with others, under the circumstances shown by the evidence, authorized his conviction of having whisky in his possession.

DECIDED JANUARY 11, 1927.

Certiorari; from Putnam superior court—Judge Park.   October 16, 1926.

Young was convicted on the charge of possessing intoxicating liquor.   From the evidence it appeared that he lived in a three-room house in a city, and rented one room to a man who used it as a bedroom for himself and his niece.   There was a door between this room and the defendant's bedroom, and the latter room opened into a third room, a kitchen.   An officer searching the premises found in the defendant's bedroom two tin cans, one smelling of whisky and the other containing about one drink of whisky, and found in weeds, about one step from the back door of that

Intoxicating Liquors, 33 C. J. p. 761, n. 53; p. 762, n. 55.

room, a jar containing about a pint of whisky, and in a woodhouse, about three steps from the front door of that room, a jar of whisky covered with wood. The defendant was at the house when the search was made. The other occupants were absent, and in their testimony denied ownership or knowledge of the liquor, and stated that they worked elsewhere in the daytime. The defendant, in his statement at the trial, said that he did not know anything about the whisky and did not know that the cans found in his room were there; that he worked at night in a cotton mill and slept in the daytime, and was the only one in the house on the day of the finding of the liquor.

*Meriwether F. Adams*, for plaintiff in error.

*Joseph B. Duke, solicitor-general*, contra.

BROYLES, C. J. The evidence in this case, as set forth in the untraversed answer to the certiorari, authorized the trial judge, sitting without the intervention of a jury, to find that it excluded every reasonable hypothesis save that of the defendant's guilt. The particular facts of this case clearly distinguish it from that of *Toney* v. *State*, 30 *Ga. App.* 61 (116 S. E. 550), cited by counsel for the plaintiff in error. The overruling of the certiorari was not error.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*