### 21621. SERRITT *v.* THE STATE.

DECIDED NOVEMBER 11, 1931.

*F. A. Cantrell, J. H. Paschall,* for plaintiff in error.

*John C. Mitchell, solicitor-general,* contra.

LUKE, J. A jury found Grady Serritt guilty under an indictment charging him with illegally possessing intoxicating liquors, and the only question presented by the record is whether or not the evidence supports the verdict.

Annie Wilson testified: that as she was in her backyard, washing, at about three o'clock of the afternoon, "on the date charged in the indictment," she saw Grady Serritt and Boots West from a distance of about sixty yards, going through Cecil Serritt's yard; that they were both in their shirt-sleeves and wore overalls; that Boots had "one half-gallon jar . . in the bib of his overalls, and two half-gallon jars . . in the hip-pockets—one in each pocket;" that Grady had "one half-gallon jar in each hip-pocket;" that "they had something in the jars," but witness "could not tell what it was;" and that "they went on through Cecil Serritt's yard, about one hundred to two hundred yards east, to where there were some honeysuckle vines, and put the fruit-jars down in the vines." This witness further swore: "I don't know what was in the fruit-jars, and do not know whether the jars they had were the

ones that Mr. Shirley got or not. I can not say whether the jars had liquor in them or not."

W. A. Shirley, the only other witness called, swore: "I am the sheriff of Gordon county. . . On the date charged in the bill of indictment I went to the place where Cecil Serritt lived, and went about two hundred yards east from his house, and looked in some honeysuckle vines and found five half-gallon fruit-jars filled with corn liquor. That was in this county. I don't know who put the liquor there, and do not know whether the jars I found were the ones Annie Wilson testified about or not. . . I did not see the defendant with any liquor. The house of Boots West was the nearest house to the whisky. Grady Serritt lived about three hundred yards from the whisky."

The defendant made the following statement to the jury. "I don't know anything about this liquor. I am not guilty."

The witness Annie Wilson, who testified that she saw the fruit-jars in defendant's hip-pockets from a distance of about sixty yards, also swore that "they had something in the jars, but I could not tell what it was." The contention of State's counsel that "within a few minutes" after the jars were placed in the vines, they were found by the sheriff, is not borne out by the record here. While it does appear from the brief of evidence that the witness Annie Wilson saw the defendant with the fruit-jars, and the sheriff found the whisky, "on the date charged in the indictment," it does not appear therefrom what period intervened between the time Annie Wilson saw the defendant with the jars and the time the sheriff found the jars in the vines. Indeed, it does not appear from the record whether or not the sheriff found the whisky before or after Annie Wilson saw the defendant with the jars. It may also be observed that both Boots West and Cecil Serritt lived nearer to the place where the whisky was found than did the defendant, and that no witness testified that it was found on property that was owned or controlled by the defendant.

We are constrained to hold that the evidence in this case does not "exclude every other reasonable hypothesis save that of the guilt of the accused," as is required by Penal Code (1910), § 1010. Therefore the judge erred in overruling the motion for a new trial.

*Judgment reversed. Bloodworth, J., concurs. Broyles, C. J., dissents.*