### 24053. HILL *v.* THE STATE.

DECIDED DECEMBER 18, 1934.

*Porter & Mebane, John D. & E. S. Taylor,* for plaintiff in error.
*James F. Kelly, solicitor-general, J. Ralph Rosser,* contra.

MACINTYRE, J. The defendant, H. W. Hill, was convicted of the offense of having, controlling, and possessing whisky. The case comes to this court by bill of exceptions. There are no special assignments of error and the only question for this court to consider is the general grounds. The evidence for the State in

effect was that officers found a five-gallon keg of whisky up-stairs in the defendant's barn concealed in a box of oats. After they had found the whisky, they saw the defendant and told him what they had found, and the officers said to him, "We will have to hold you responsible for the possession of the whisky," and the defendant said he guessed so, or words to that effect; that Mr. Hill had several grown boys living with him at that time; that under one of the sheds in the barn there was a two-horse wagon, and on it was a barrel which contained beer. The officers followed the tracks of the wagon out through the barn lot across the field over to a piece of woods about a half mile from the barn. Just outside the field in the woods there was a still place where there had been a furnace in which whisky had been made. They couldn't track the wagon any further than the woods, and could not follow the tracks down to the still site, but the still site was only a short distance in the woods from the field, which was about a half mile from the defendant's house. They did not know on whose land the still was.

The defendant's son, Buck Hill, testified that he was a son of the defendant and was living with his father on the premises where the whisky was found; that the whisky was his; that "my father, H. W. Hill, the defendant, knew nothing at all about the whisky and had nothing to do with it. I had put the whisky in the place where the officers found it, so that my father didn't know anything about it, as I knew it would never do to let him know that it was there."

The defendant in his statement said: "I am not guilty of this offense with which I am charged. I remember the day the officers came there and searched the premises, and, after they had searched my dwelling house and had gone to the barn, they came out and told me that they had found some whisky in the barn and that they would have to make a case against me. I told them I guessed so, because I was the head of the family, but that I had nothing whatever to do with it and didn't know the whisky was there; would not have allowed it to be there if I had known it and had no knowledge whatever of its being there, and the first I knew of it was when the officers told me that they had found it. If the officers found a still anywhere around there it was something which I had never heard of. My wagon was found under the shed and if there was any barrel on it which had ever had any slop in it, I don't know anything about it."

In this case, so far as the record shows, the defendant and his family were the only ones living on the premises where the liquor was found, and there is no evidence that any one else had control or joint control of the premises. The son and witness who at the time of the trial testified that the liquor was his was a member of the family of the defendant (his father). "In this State the husband is recognized by law as the head of his family, and, where he and his wife reside together, the legal presumption is that the house and all the household effects, including any intoxicating liquors, belong to the husband as the head of the family. This presumption of course is rebuttable." *Isom* v. *State*, 32 *Ga. App.* 75 (122 S. E. 722). This being so, the husband in this case was at least presumed to be in control of the intoxicating liquors, and the fact that a member of his family, who was his son, testified that the liquor was his, made the question as to who was in control of the liquor one for the jury. The instant case is differentiated by its facts from those cases in which more than one family lived in a house, or where more than one person had a key to a building where liquor was found, or where other persons had access to a portion of the building not controlled by the accused, who occupied another portion of the building; or where intoxicating liquors were brought into the place of business of the defendant and hidden therein without his knowledge by one not connected with the place of business. To this latter class of cases belongs *Buttrum* v. *State*, 49 *Ga. App.* 79 (174 S. E. 214), cited by counsel for the plaintiff in error.

The jury having found in favor of the State and the trial judge having approved the verdict, we do not feel authorized to grant a new trial.

*Judgment affirmed. Broyles, C. J. and Guerry, J., concur.*