24819. GRAY *v.* THE STATE.

DECIDED JUNE 27, 1935.

*R. G. Turner,* for plaintiff in error.

*John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

MacIntyre, J. Mary Gray was convicted in the Criminal Court of Atlanta of possessing intoxicating liquor. The only question presented by the exception to the overruling of her certiorari by the superior court is whether the evidence supports the conviction.

It appears that the defendant was living at 151 Cain street, in a thickly populated section of the City of Atlanta. Officer Patrick testified: "While searching in a pile of trash right in the rear of Mary Gray's house we found one and one-half pints of whisky. Mary . . was in the backyard . . and her clothes-line was stretched right over the pile of trash in which we found the whisky . . , and Mary . . was standing right over the pile of trash whereon the clothes-line was with some clothes hanging on it. It was within a few feet of her back-door, and was much nearer her house than any one else. I concluded that it was on her premises because her clothes-line was stretched over this part of the yard and she was using this part of the yard at the time." This witness had previously testified that "there are several houses immediately sur-

rounding the rubbish pile where the whisky was found," and that he "could not swear on whose lot the rubbish pile was, as there are no fences or division lines separating the various premises," and that the defendant denied that the whisky was hers. In her statement to the jury the defendant said that she "was standing at a clothes-line when the officers found the whisky in the rubbish pile;" that they arrested her because she was "the nearest one to the pile;" and that the whisky was not hers and she knew nothing about it.

While the evidence raises a grave suspicion of the defendant's guilt, we do not think that it meets the requirement of the circumstantial-evidence rule that it must exclude every other reasonable hypothesis than that of the guilt of the accused. We hold that the judge of the superior court erred in overruling the certiorari.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*