25-416. WARREN *v.* THE STATE.

GUERRY, J. 1. Where whisky was found in one's house jointly occupied by him with his daughter and her husband, and there was evidence that neither daughter nor son-in-law knew anything of the presence of the whisky in the house and did not own the same, and the jury found the owner of the house guilty of its possession, this court can not disturb the verdict on the ground that there was not sufficient evidence to support it.

2. "When a motion for a continuance in a criminal case is made on the ground that the accused is physically unable to stand the strain of a trial, and the accused is present in court, the presiding judge may consider the condition of the accused as it appears to him, as well as the testimony adduced on the motion. In such a case the good sense, sound judgment, and humanity of the trial judge must be relied on as safeguards against injustice." *Rowland* v. *State, 125 Ga.* 792. The defendant made a motion for a continuance because of physical inability to go to trial. He testified that he had an infected leg which gave him considerable pain, and that he did not feel physically able to stay in court or to assist his counsel in the trial of the case. He had been in court all of the day before. The infected leg did not affect his mind, and he

222

could sit in a chair by his counsel. He furnished a certificate of a doctor that he had an infected leg *and should not be on it*. The court found: "He has the appearance of being able. I overrule the motion." Under the above authority and many others to the same effect, this ground discloses no reversible error.

3. The remaining assignments of error on the charge of the court disclose no prejudicial error against the accused. The judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED APRIL 7, 1936.

*Smith & Millican, Earl Staples,* for plaintiff in error.
*Emmett Smith, solicitor,* contra.