## 29271. BROOKS *v.* THE STATE.

DECIDED FEBRUARY 20, 1942.

*Thomas A. Jacobs Jr.,* for plaintiff in error.
*O. L. Long, solicitor,* contra.

MACINTYRE, J. The judge, sitting without a jury, found the defendant guilty of possessing whisky in violation of the revenue tax act. To the overruling of her motion for new trial she excepted.

One of the arresting officers testified: "The defendant was in the house standing in the kitchen door between the bedroom and the kitchen. On searching the house, we found two one-gallon cans of tax-unpaid whisky in the ice box. There was also a half-gallon water jug in the ice box with whisky in it. This was a green, regular, water jug for ice boxes. We saw some coca-cola bottles on the kitchen table. When we searched the ice box there was no ice in it. We did not look in the top of the ice box, but my recollection is there was no ice in the ice box. I can't say how long it had been since it had been used or had any ice in it. The house has a front room, which is a bedroom, and a kitchen and a side porch. There was a bed in the kitchen and we understood the defendant's son slept there. Her boy looked to be about twenty years of age, maybe

twenty-one or twenty-two." Another officer testified: "I saw two or three small glasses on the table in the kitchen, and detected the fresh odor of whisky in these glasses. I saw a negro boy [the defendant's son] in the bed in the kitchen, who appeared to be asleep, but we did not arrest him." The defendant and her son occupied the house. The arresting officers testified that they found in the refrigerator certain "bootleg whisky."

To sustain the defendant's conviction of possessing the whisky, the State relies upon the presumption that the house was the defendant's home, and that she possessed all of the household effects therein, including the whisky. It also appears that when the officers went into the defendant's home she fled. In her statement to the jury, the defendant stated: "I have had a hard time raising my children, having to take care of them, and this boy who lives with me is old enough to work and to know better than to fool with whisky. I have suffered for his wrongs long enough, and if the court wants to punish him about the whisky I can't help that, but I do not feel like being punished for something he has done when he is old enough to know better." Thus, the defendant in her statement said that her son lived with her, and nowhere in her statement do we find that she lived with her son, who was twenty, twenty-one, or twenty-two years of age. There was no evidence of the existence of a husband. Under this statement of the mother, the defendant, she was at least in control of the house and the household effects including the whisky. There was no evidence that the son or any one else either controlled or jointly controlled the whisky. To illustrate: suppose a creditor, as plaintiff in fi. fa., had levied his fi. fa. upon the ice box, in which the whisky was found, as being the property of the son, a defendant in fi. fa., and the only evidence as to title had been that the ice box was found in the house or home of the mother in which the son lived with her, in a contest between the mother and the son's creditor, the plaintiff in fi. fa., should not the verdict be that the ice box belonged to the mother? We think so. Likewise, the jury could say that here all the personal property in the house, including the whisky, belonged to the mother. *Hill* v. *State*, 50 *Ga. App.* 288, 290 (177 S. E. 826); *Spencer* v. *Wright*, 48 *Ga. App.* 126 (172 S. E. 91). The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*