29959. SMITH *v.* THE STATE.

DECIDED FEBRUARY 23, 1943.

*Stafford Brooke,* for plaintiff in error.
*J. H. Paschall, solicitor-general,* contra.

GARDNER, J. The State's evidence showed that five different witnesses, including the sheriff of Whitfield County, three policemen and one State revenue agent, testified that on different occasions in 1942 they searched the premises of the defendant for illegal intoxicating liquor, and that on each occasion they found in and on his premises liquor on which the State revenue tax had not been paid. On one occasion a ten-gallon container with about seven gallons of non-taxpaid liquor therein was found concealed in

the wood pile of defendant, and a pint of non-taxpaid liquor was found in a trash pile nearby. On another occasion approximately ten gallons of non-taxpaid liquor were found in a room of defendant's home. One of the witnesses testified that this last lot was first seen in the dining room, and others testified to the effect that it was in a bedroom which adjoined the dining room. The defendant offered no testimony. In his statement he contended that he had no part in the transaction; that a Cochran boy lived with him and worked with him, and lived in the room where the liquor was found; that the whisky the officers pretended they had seized he knew nothing about. The indictment contained two counts, illegally possessing liquor, and possessing liquor without having paid the revenue tax. A verdict of guilty on both counts was returned. The defendant filed a motion for new trial based on the general grounds only. The motion was overruled, and the defendant excepted.

Counsel cites *Miller* v. *State,* 37 *Ga. App.* 373 (140 S. E. 792), as authority on which he bases his contention for a reversal. The facts in that case were different from those in the instant case, and that case is not controlling. The fact that the intoxicants were found in the home and on the premises of the defendant raised a rebuttable presumption that they belonged to him. The court was authorized to find that there was no evidence to overcome this presumption, and the defendant's statement did not do so. The judge did not err in overruling the motion for new trial.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*