33712. FREEMAN *v*. THE STATE.

DECIDED OCTOBER 23, 1951.

*Earl B. Self,* for plaintiff in error.

*John W. Davis, Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts.) It does not appear that the three pieces of evidence upon which the State relies are sufficient, either separately or in connection with each other, to exclude every reasonable hypothesis save that of the guilt of the accused. As to the first, the police officers saw two men come out of the house with bottles in their possession, and saw the defendant talking "to some of them"; but they testified that they did not know what was in the bottles, and in any event they did not testify that the defendant, who was on the porch, gave them the bottles. As to the second, the state-

ment, "We will have some tomorrow," without more, is not a sufficient basis for the assumption that the thing referred to was necessarily moonshine whisky. As to the third, whisky found by a trail or ditch or in bushes at some distance from the house, and especially when on property not under the control of the defendant, has frequently been held insufficient as the foundation of a conviction. *Serritt v. State,* 44 *Ga. App.* 269 (161 S. E. 279); *Weehunt v. State,* 80 *Ga. App.* 368 (56 S. E. 2d, 148); *Gray v. State,* 51 *Ga. App.* 458 (180 S. E. 758); *Wright v. State,* 48 *Ga. App.* 302 (172 S. E. 687); *Jackson v. State,* 36 *Ga. App.* 211 (136 S. E. 286); *Roper v. State,* 67 *Ga. App.* 272 (19 S. E. 2d, 746); *Summerville v. State,* 68 *Ga. App.* 13 (21 S. E. 2d, 909). In *Young v. State,* 36 *Ga. App.* 273 (136 S. E. 556), cited by the solicitor-general, whisky was found in the room rented by the defendant. In *Warren v. State,* 53 *Ga. App.* 221 (185 S. E. 385), where one occupied a·house jointly with his daughter and son-in-law, and the two latter testified that whisky found in the house did not belong to them, the conviction was authorized. However, in *Toney v. State,* 30 *Ga. App.* 61 (116 S. E. 550), where whisky was found in a house occupied by the defendant, his daughter, and son-in-law, and neither testified that the whisky did not belong to them, the conviction was unauthorized. In the present case, the son-in-law testified to this effect, but the daughter did not. Further, it was shown that the whisky was found some distance from the house near a trail, other houses being in close proximity, and the possibility that one of these persons might have placed the whisky in the bushes was not negatived.

As the evidence is insufficient and the conviction unauthorized, it is unnecessary to obtain additional record for the purpose of showing that the defendant was not sentenced under the defective count of the indictment.

The trial court erred in overruling the motion for a new trial.

*Judgment reversed. Gardner, J., concurs. MacIntyre, P. J., concurs specially.*

MacIntyre, P. J., concurring specially. In order to authorize a conviction in this case, it must appear that the whisky in question was found in the actual or constructive possession of the defendant. There is no evidence of the defendant's posses-

sion of the whisky, unless it appear from the evidence that the rule in *Isom* v. *State*, 32 *Ga. App.* 75 (122 S. E. 722), is applicable to this case. Briefly, the rule in the *Isom* case is that, as between the head of a family and members of his family who reside together, the head of the family is presumed to be in possession of the house, the premises, upon which they reside, and all the personal property appertaining thereto, including intoxicating liquors. There is not sufficient evidence present in this case to authorize the jury to find that the defendant was head of the family on whose premises the liquor was found. Upon this point the testimony of officer Lyons was that the defendant "lived there on the Selman Place [where the State contends the whisky was found] with Paul Hill [the defendant's son-in-law] and Hill's wife," but that he (Lyons) did not know who rented the Selman Place. Officer Henderson testified upon this point only that he and Lyons went to the house in question where Paul Hill, his wife, and the defendant Lon Freeman lived. Paul Hill testified that he and his wife lived on the Selman Place, where the whisky was found; that he rented the house and the lands around it; and that the defendant did not rent the property, but rented one room in the house from him.

The instant case is distinguishable from the cases of *Brooks* v. *State*, 66 *Ga. App.* 646 (19 S. E. 2d, 43), and *Hill* v. *State*, 50 *Ga. App.* 288, 290 (177 S. E. 826), in that in those cases the evidence was that no one lived in the houses where the whisky was found other than the defendants and their families, of which the defendants were the heads; and thus the rule in the *Isom* case, supra, was applicable in those cases; but, as I have shown, not applicable to the instant case. See, in this connection, *Rhoddenberry* v. *State*, 50 *Ga. App.* 378 (178 S. E. 170).