### 33705. Voyles *v.* The State.

MacIntyre, P. J. 1. Where a married woman, living with her husband, is convicted of possessing non-tax-paid whisky, and her motion for a new trial, based solely on the general grounds, is overruled, this court, upon appeal, will reverse such judgment of the trial court where it appears from the record that the only evidence adduced on the trial was that on a certain day officers found four and one-half gallons of non-tax-paid whisky, together with several empty bottles and a funnel, across a public road from the defendant's home, a distance of some thirty-five or forty "steps"; no one was at home at the defendant's at the time of the discovery, but the officers saw a car, which looked like that of the defendant, in which a man and woman were riding, drive away as they approached, and also saw a young white man flee from the woods where the whisky was found, and that this same man was, in the opinion of one of the officers, seen talking to the defendant on

the day of her trial; the officers later in the day on which the whisky was discovered returned to the defendant's home and found several hundred whisky bottles and cans, half of which contained the odor of whisky, in the rear of the house, and found six fruit jars, containing the odor of whisky, in the house; that the "travel from the liquor [discovered] led in the direction of the defendant's house"; and that there were other houses on the public road in question, but the defendant's house was the nearest, there being no other house within two hundred yards of the spot where the whisky was found. There was no evidence that the defendant was in possession of, rented, or in any way controlled the land on which the whisky was found; there was no evidence to authorize the jury to infer that the presumption that all the household effects, including the bottles, cans, and jars containing the odor of whisky, belonged to the husband as head of the house, had been overcome; and under these circumstances, the evidence against the defendant was not sufficient to exclude every reasonable hypothesis save that of her guilt. *Weehunt* v. *State,* 80' *Ga. App.* 368 (56 S. E. 2d, 148); *Barron* v. *State,* 46 *Ga. App.* 829 (2) (169 S. E. 323); *McQuire* v. *State,* 82 *Ga. App.* 132 (60 S. E. 2d, 526).

Judgment reversed. Gardner and Townsend, JJ., concur.

DECIDED FEBRUARY 23, 1952.

*Frank A. Bowers,* for plaintiff in error.
*James T. Manning, Solicitor-General,* contra.