## 35201. GILLEY v. THE STATE.

CARLISLE, J. The defendant was tried and convicted of possessing intoxicating liquors which did not bear the tax stamp provided by law. His motion for new trial, based solely on the general grounds was denied and he excepted.

1. The evidence upon which the verdict was based is entirely circumstantial and insufficient to exclude every other reasonable hypothesis save that of the defendant's guilt, and the trial court consequently erred in denying the motion for new trial. While the whisky was found within about 300 yards of the defendant's house, it was not found on his property, or on property over which he had control, but on the property of his brother, whose house was about the same distance from the point where the whisky was found as the defendant's. While the whisky was found about 15 or 20 feet off a field road which led through the defendant's yard, it also appeared that on the same road there was a tent which was inhabited, and this dwelling was 100 yards nearer the point where the whisky was found than the defendant's house. The evidence also revealed that there was also a house, occupied by tenants working for the defendant's brother, which was nearer the point at which the whisky was found than the defendant's house. The field road leading through the defendant's yard was traveled by the various occupants of the aforementioned dwellings. No path led directly from the point where the whisky was found to the defendant's house, other than

via the field road. See, in this connection, *Weehunt* v. *State*, 80 *Ga. App.* 368 (56 S. E. 2d 148), and citations.

*Judgment reversed.* *Gardner, P. J., and Townsend, J., concur.*

DECIDED JUNE 15, 1954.

*Earl Staples, R. J. Brown,* for plaintiff in error.

*W. J. Wiggins, Solicitor,* contra.