35284. BOWEN *v.* THE STATE.

CARLISLE, J. The defendant was tried and convicted under an accusation in the City Court of Gwinnett County for the illegal possession of intoxicating whisky in that county. His motion for a new trial, based on the usual general grounds and three special grounds, was overruled, and he has brought the present writ of error to this court to review that judgment.

1. Where the State relies for a conviction on circumstantial evidence alone, the facts proved must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused. Code § 38-109. The evidence in this case falls short of that requirement even under that construction of the evidence most favorable to the verdict. Under such a construction, it appears that the defendant's home had a reputation as one which dealt in intoxicating liquors; that the officers who investigated complaints about the defendant's place found a large quantity of pint bottles, one-half pint bottles, quart bottles, and one-half gallon cans strewn about the defendant's yard and premises; that these containers gave off an odor of whisky; that seven one-half gallon containers of whisky

were found across the highway from the defendant's house at a distance of about 100 feet from the defendant's house; that this whisky was found about 15 feet off a path which ran to the highway in the general direction of the defendant's house; that the nearest house to that of the defendant was 1,000 yards away. It appeared also, however, that there were three other houses on the highway in the vicinity of the defendant's house which all had the reputation of dealing in intoxicating liquors; that the path did not lead to the defendant's house, but only to the highway in front of his house; that it was not known on whose property the whisky was found. It is equally as reasonable that the whisky belonged to the occupants of the other houses as it is that it belonged to the defendant. The road, or highway, is a public one and the point where the whisky was found was as accessible to persons traveling the highway as to the defendant. The evidence did not authorize the verdict finding the defendant guilty of the possession of intoxicating liquors. See in this connection *Voyles* v. *State*, 85 *Ga. App.* 354 (69 S. E. 2d 780), and citations.

2. As the case must be remanded for retrial, the other grounds of the motion for new trial are not considered, as the alleged errors are of such a nature as not likely to recur on the next trial.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

Decided July 13, 1954.

J. Ray Merritt, H. Rhodes Jordan, for plaintiff in error.
Charles C. Pittard, Solicitor, contra.