35647.   STINNETT *v.* THE STATE.

DECIDED APRIL 18, 1955.

*Bobby Lee Cook,* for plaintiff in error.

*Earl B. Self, Solicitor-General,* contra.

TOWNSEND, J. The evidence here, being entirely circumstantial, must, under the provisions of Code § 38-109, be sufficient to exclude every other reasonable hypothesis save that of the guilt of the accused. In cases such as this, also, the State's case receives the benefit of the legal presumption as follows: "In this State the husband is recognized by law as the head of his family, and where he and his wife reside together, the legal presumption is that the house and all the household effects, including any intoxicating liquors, belong to the husband as the head of the family. This presumption of course is rebuttable." *Isom* v. *State,* 32 *Ga. App.* 75 (1) (122 S. E. 722); *Young* v. *State,* 22 *Ga. App.* 111 (95 S. E. 478); *Hendrix* v. *State,* 24 *Ga. App.* 56 (100 S. E. 55). Construing these two legal principles together, the evidence here is sufficient to show the guilt of the defendant, to the exclusion of his wife and his minor children, by reason of this presumption. The married daughter and her husband are excluded under the evidence. This leaves us the defendant and the daughter-in-law, and the problem of determining whether the hypothesis of the defendant's guilt was no more reasonable than the hypothesis that she is the guilty party. In determining this question, the evidence of flight is not considered, as it was not sufficient to establish such an inference. The defendant may have been as far away from the house as 500 yards. The jury could have no more knowledge about the proximity of the defendant than appears in the record. There is no evidence that the defendant ever saw the officers on the premises. Word was left for him to come in and make bond. He did so the next day. Accordingly, there is no evidence of flight. Also, the presence of whisky some 600 yards away from the house in the woods is not considered, there being no evidence that it was on the

premises of the defendant or that he was in any way connected with it. See *Bowen* v. *State,* 90 *Ga. App.* 407 (1) (83 S. E. 2d 255); *Voyles* v. *State,* 85 *Ga. App.* 354 (69 S. E. 2d 780), and citations.

However, the fact that another person, such as the daughter-in-law here, is merely visiting on the premises, nothing further being shown, and it not appearing that such visitor had any right to joint control and occupancy of the premises, is not of itself sufficient to require a reversal. See *Ealey* v. *State,* 40 *Ga. App.* 727, 728 (151 S. E. 400); *Black* v. *State,* 41 *Ga. App.* 349, 350 (1) (152 S. E. 922); *Smith* v. *State,* 68 *Ga. App.* 861 (24 S. E. 2d 702); *Hill* v. *State,* 50 *Ga. App.* 288 (2) (177 S. E. 826). While we disapprove the rule in the latter case, in that it goes to the extent of holding that several grown boys living with the defendant are still such members of his family as a matter of law that the presumption remains that the liquor belongs to him as head of the family, nevertheless, the case is authority for what is here held. Where, on the other hand, as in *Toney* v. *State,* 30 *Ga. App.* 61 (116 S. E. 550), it appears that another family, composed of the defendant's married son and daughter-in-law, also live on the premises and use it jointly with the accused, there must be, to exclude every reasonable hypothesis save that of the guilt of the accused, some evidence that such other person, the head of his own household, did not possess the illegal liquor without the knowledge of the defendant.

It follows, therefore, that the evidence, although circumstantial, was sufficient to support the conviction, and that the trial court did not err in denying the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*