### 35861. LEDBETTER *v.* THE STATE.

TOWNSEND, J. The evidence here discloses that, upon a search of the premises of the defendant and the surrounding area, non-tax-paid whisky was found in 3 caches hidden in honeysuckle vines near a railroad and on each side thereof; that this whisky was found on a trail leading from the rear of the defendant's premises through a pasture, over a railroad track, through a sedge field, along an old road, and thence to a public road; that the closest whisky found to the defendant's house was from 50 to 75 yards away, between the pasture and the railroad track; that all the whisky was as accessible to anyone using the railroad track and the trail, and to other people living in the vicinity, as it was to the defendant; that, while the defendant kept a mule in the pasture, no whisky was found therein, and there was no evidence that whisky was found on premises in charge of the defendant; that, while no whisky was found on premises shown to be in charge of the defendant, a paper bag containing bottle caps similar to those found on the bottles containing the whisky was found in the defendant's house and 5 cases of pint bottles similar to the bottles containing the whisky were found in the garage.

This evidence is entirely circumstantial and is not sufficient to exclude

every other reasonable hypothesis save that of the guilt of the accused. The evidence disclosed nothing about the caps and bottles found in the possession of the defendant to indicate that they were not such as could be obtained by anyone from any dealer who kept them on hand for sale, and the whisky was located where others than the defendant had equal access thereto. Accordingly, the verdict of guilty is unauthorized by the evidence, and it is deemed unnecessary to pass on the special grounds of the amended motion for new trial. *Wright* v. *State*, 48 *Ga. App.* 302 (172 S. E. 687); *Serritt* v. *State*, 44 *Ga. App.* 269 (161 S. E. 279); *Freeman* v. *State*, 84 *Ga. App.* 757 (67 S. E. 2d 314); *Gibbs* v. *State*, 91 *Ga. App.* 519 (86 S. E. 2d 369).

The trial court erred in denying the motion for new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED SEPTEMBER 22, 1955.

*Scoggin & Martin, Maddox & Maddox,* for plaintiff in error. *Chastine Parker, Solicitor, Horace T. Clary, Assistant Solicitor,* contra.