36369. BROWN *v.* THE STATE.

DECIDED NOVEMBER 9, 1956.

544

*Clower & Anderson,* for plaintiff in error.

GARDNER, P. J. We will not deal with the general grounds, since we are reversing the case on special grounds and we do not know what the evidence may be on another trial. We might add here, however, that unless the evidence is materially different on another trial, it would not be sufficient to sustain a verdict on the general grounds.

1. Special grounds 1, 2 and 3 will be discussed together. They deal with the admission of certain paper sacks and empty bottles found in the defendant's house, which the court admitted for consideration by the jury, over timely objections. It will be noted, from that portion of the record which we have set out above, that the defendant was convicted of possessing in a "dry" county, more than two pints of tax-paid whisky. The special grounds attacking the admission of this evidence is that the paper sacks and empty bottles could throw no light on whether the defendant possessed more than two pints of tax-paid whisky as alleged in the indictment. It is contended by counsel for the defendant that the evidence was introduced by the State for the purpose of inflaming the minds of the jury and leading them to believe that the defendant was in the liquor business. We can understand how this evidence might prejudice the jury against the defendant. We can see no relevancy whatsoever as to how these sacks and bottles illustrate any issue relating to the allegations of the indictment. We think the court erred in this respect. These grounds show reversible error.

Special ground 4 assigns error on the introduction, over objec-

tions, of 19 bottles of tax-paid whisky, seventeen of which were not found in the defendant's house, nor on her premises, and two of which were found in the defendant's house. Of course, if the defendant had only two pints of whisky in her house, and not more, and the State did not prove her illegal connection with the other seventeen bottles, she could not be lawfully convicted under the indictment. If the jury was authorized to find that she was legally responsible for the seventeen pint bottles of whisky, she could be convicted legally under the indictment, but not otherwise. We will therefore deal with the seventeen pints of whisky as shown by the evidence. In *Harper* v. *State,* 85 *Ga. App.* 252 (1) (69 S. E. 2d 102), this court said: "Where liquor is found on premises occupied by the defendant, it is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant and members of his immediate family, of which he is the head, had equal opportunity with him to commit the crime." It will be observed from the evidence which we have set out above that the seventeen pints of whisky introduced were found, not on the defendant's premises, (at least the evidence does not prove by any witnesses that the whisky was on the defendant's premises), but it was proved that the whisky was found beyond a fence away from the defendant's premises. The evidence also shows that there were houses closer to where the whisky was found than was the home of the defendant, and that one of her sons lived in a house in the rear of the defendant's home. In *Bowen* v. *State,* 90 *Ga. App.* 407 (1) (83 S. E. 2d 255), this court held: "Where the State relies for a conviction on circumstantial evidence alone, the facts proved must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused. Code § 38-109. The evidence in this case falls short of that requirement even under that construction of the evidence most favorable to the verdict. Under such a construction, it appears that the defendant's home had a reputation as one which dealt in intoxicating liquors; that the officers who investigated complaints about the defendant's place found a large quantity of pint bottles, one-half pint bottles, quart bottles, and one-half gallon cans strewn about the defendant's yard and premises; that these containers gave off an odor of whisky; that seven one-half gallon

546

containers of whisky were found across the highway from the defendant's house at a distance of about 100 feet from the defendant's house; that this whisky was found about 15 feet off a path which ran to the highway in the general direction of the defendant's house; that the nearest house to that of the defendant was 1,000 yards away. It appeared also, however, that there were three other houses on the highway in the vicinity of the defendant's house which all had the reputation of dealing in intoxicating liquors; that the path did not lead to the defendant's house, but only to the highway in front of his house; that it was not known on whose property the whisky was found. It is equally as reasonable that the whisky belonged to the occupants of the other houses as it is that it belonged to the defendant. The road, or highway, is a public one and the point where the whisky was found was as accessible to persons traveling the highway as to the defendant. The evidence did not authorize the verdict finding the defendant guilty of the possession of intoxicating liquors. See in this connection *Voyles* v. *State*, 85 *Ga. App.* 354 (69 S. E. 2d 780) and citations." In *Gilley* v. *State*, 90 *Ga. App.* 265 (1) (82 S. E. 2d 715), this court held: "The evidence upon which the verdict was based is entirely circumstantial and insufficient to exclude every other reasonable hypothesis save that of the defendant's guilt, and the trial court consequently erred in denying the motion for new trial. While the whisky was found within about 300 yards of the defendant's house, it was not found on his property, or on property over which he had control, but on the property of his brother, whose house was about the same distance from the point where the whisky was found as the defendant's. While the whisky was found about 15 or 20 feet off a field road which led through the defendant's yard, it also appeared that on the same road there was a tent which was inhabited, and this dwelling was 100 yards nearer the point where the whisky was found than the defendant's house. The evidence also revealed that there was also a house, occupied by tenants working for the defendant's brother, which was nearer the point at which the whisky was found than the defendant's house. The field road leading through the defendant's yard was traveled by the various occupants of the aforementioned dwellings. No path led directly from the point where the whisky was found to the defendant's house, other than

via the field road. See, in this connection, *Weehunt* v. *State*, 80 *App*. 368 (56 S. E. 2d 148), and citations." Also see in this connection *Hancock* v. *State*, 88 *Ga. App.* 743 (77 S. E. 2d 543), and *Roper* v. *State*, 67 *Ga. App.* 272 (19 S. E. 2d 746). This special ground shows reversible error.

As to special ground 5, it is our opinion that the failure of the officers to identify the bottles of whisky shows reversible error.

Special ground 6 is to the effect that the court committed reversible error because it failed to direct a verdict for acquittal. This ground is without merit, under the record of this case.

Special ground 7 assigns error upon the following charge of the court: "Now I charge you that it is a violation of the law of this State for any person to have in his or her possession in this county more than one quart of tax-paid whisky. It is lawful under the law of Georgia for any person to have and possess for use and not for sale in any county of the State one quart of the liquors and beverages described in the Act to Legalize and Control Alcoholic Beverages, which may have been purchased by the person for use and consumption from a lawful and authorized retail dealer and properly stamped." This principle of law should not have been charged in the manner in which the court charged it. There are three assignments of error to this charge. We will deal with only one of them, which reads as follows: "That said charge relating to the use and consumption and to the purchase from a lawful and authorized retail dealer had the effect of shifting the burden of proof to the defendant to show that the one quart of whisky found in her house was so legally purchased for her own use and consumption, and was misleading and confusing to the jury, as well as placing a greater burden upon the defendant than the law required." This special ground shows reversible error.

Special ground 8 assigns error on the following excerpt from the charge of the court: "Now I charge you that where a person owns a house or runs a house or has the house in possession, the law makes her or him the head of the house, and all things found in the house are presumed to be in her possession, including liquor. However, that presumption is a rebuttable one, but if that and when that has been shown to you that there was more than one quart of whisky in the house, then the burden would be shifted to her to prove to your satisfaction that she did not know the liquor was in the house."

It is alleged that said charge was erroneous and injurious to the defendant for the following reasons: "(a) That said charge was not sound as an abstract principle of law, in that no such burden rested upon the defendant. (b) That the court charged that the presumption of possession of whisky alleged to have been found in the defendant's house could be rebutted in only one manner and that was by showing that defendant did not know the same was in the house. (c) That said charge went further than the law provides in restricting defendant's defense, when under the law the defendant would have been entitled to show that said whisky belonged to some of her children living with her in the home, or that there was some other satisfactory legal reason why the same was in her home, and she should not have been restricted in the manner charged by the court."

It is very likely that special ground 9 will not occur again in the event of another trial. However, it is our opinion that the excerpt is subject to the criticism lodged against it in the exceptions to this ground, and is reversible error.

Special ground 10 assigns error because the court erred in refusing to give in charge the following: "It is lawful under the law of Georgia for any person to have and possess for use and not for sale in any county of the State, one quart of the liquors and beverages described in the Act to Legalize and Control Alcoholic Beverages, which may have been purchased by the person for use and consumption from a lawful and authorized retailer and properly stamped. All presumptions being in favor of innocence, possession of whisky in quantity within the one-quart limit above described is prima facie presumed to be lawful." In our opinion the court should have given this written request for the reason that nowhere else in the charge of the court is the principle of law covered. The failure to give this written request shows reversible error.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*