38056. McFALL *v.* THE STATE.

*Robert L. Scoggin, Jerry L. Minge,* for plaintiff in error. *Chastine Parker, Solicitor,* contra.

CARLISLE, Judge. Hubert McFall was tried in the City Court of Floyd County on an accusation charging him with possessing non-tax-paid liquor. The jury returned a verdict of guilty and the defendant made a motion for new trial on the general grounds, which was amended by the addition of two special grounds. The trial court denied that motion, and the exception here is to that judgment.

1. The first special ground complains because the trial court charged the jury: "If you believe beyond a reasonable doubt that the defendant did in this county at any time within two years prior to the filing of this accusation commit the offense charged in this accusation, or aid and abet another in the way and manner therein alleged, then, in that event you ought to convict him." The assignment of error in this ground is that it was confusing and misleading to the jury, not adjusted to the accusation in the case, and placed a greater burden on the defendant than warranted by the language of the accusation in that the defendant was not charged in the accusation with aiding and abetting another in the possession of the whisky. This charge was not error for any of the reasons assigned. The trial court had already charged the jury the definition of a misdemeanor and that "all who procure, counsel, command, aid or abet the commission of a misdemeanor are regarded by the law as principal offenders." *Pruitt v. State,* 88 *Ga. App.* 711 (3) (77 S. E. 2d 552). This was a correct statement of law. The charge complained of in this ground was but a specific application of the general principle to this case.

2. Special ground 2 complains because the court charged the jury as follows: "I charge you that the jury is not responsible for the consequences of its verdict, but the jury is responsible for the truth of its verdict." It is contended in this ground that this charge was misleading and confusing to the jury and erroneous and argumentative in that it in effect charged the

jury that unless they came up with a true verdict they would be held accountable. This charge was not error. Substantially, the same language was held in *Werk* v. *Big Bunker Hill Mining Corp.*, 193 *Ga.* 217, 234 (5) (17 S.E.2d 825) to be legally sound. As was said in that case, "It contained the substance of the oath required of each juror. Code § 59-706."

3. The prosecuting witness who was an investigator, or deputy sheriff, of Floyd County, testified that he, in company with other officers, stationed themselves near the defendant's residence at between 10:30 and 11:30 on the morning of August 15, 1959, and observed the defendant's house for some three and one-half or four hours. During this time, a boy about 14 years old, the defendant's brother, was observed making several trips to a cache located in a field or yard some 218 feet from the defendant's residence, each time taking therefrom a half-gallon jar which he testified contained some clear liquid that looked like whisky, and on one occasion at least delivering one of the jars to the defendant's mother's house, which was some 160 feet from the cache, and on other occasions delivering the jars to the defendant's house. The witness testified that on one of these occasions while they were observing the house the defendant was in the yard or on the porch of his house watching the road "looking both ways up and down the road," and that when the boy started to run with a half-gallon jar toward the defendant's home, the defendant said something to the boy which the witness was unable to hear; that the boy threw, or hastily laid the jar down in the grass, and ran off toward the defendant's residence; that at about that time a car was seen coming up the road and after the car passed the boy returned to where he had laid the half-gallon jar down and picked it up and ran behind the defendant's mother's house. After observing the defendant's house for several hours, the officers revealed their presence and called to the defendant to come out, which he refused to do. They found a one-half gallon jar of moonshine whisky in the "stash" where the boy had picked up the other jars which he had carried into the defendant's house, and that it did not have stamps on it. When the defendant refused to come out, the officers sent for a search warrant, and on receiving the warrant

and making a search of the defendant's house, apparently found no whisky therein.

On the general grounds of the motion for a new trial, the defendant contends that this evidence is insufficient to show that he had exclusive possession and control of the place where the whisky was found in the yard or field, and that it fails to show that others would not have an equal opportunity with him to have placed the whisky there, and that, under the circumstantial evidence rule, this does not exclude every other reasonable hypothesis save his guilt. In support of this proposition, the defendant cites the following cases: *Wright* v. *State*, 48 *Ga. App.* 302 (172 S. E. 687); *Gray* v. *State*, 51 *Ga. App.* 458 (180 S. E. 758); *Ralston* v. *State*, 66 *Ga. App.* 62 (17 S. E. 2d 81); *Roper* v. *State*, 67 *Ga. App.* 272 (19 S. E. 2d 746); *Freeman* v. *State*, 84 *Ga. App.* 757 (67 S. E. 2d 314); *Moon* v. *State*, 85 *Ga. App.* 212 (68 S. E. 2d 617); *Gilley* v. *State*, 90 *Ga. App.* 265 (82 S.E. 2d 715); *Bowen* v. *State*, 90 *Ga. App.* 407 (83 S. E. 2d 255); and *Ledbetter* v. *State*, 92 *Ga. App.* 620 (89 S. E. 2d 576). An examination of each of these cases will readily reveal that the facts in those cases were not like the facts in the instant case in that there the only evidence tending to connect the defendant with the particular whisky was the proximity of the cache to the defendant's house. In the instant case, the evidence shows that the prosecuting witness observed the defendant apparently directing and controlling the actions of the boy in the disposition of jars of liquid and in their removal from a hiding place in a field or yard near the defendant's house. Under all the circumstances of the case, the jury was clearly authorized to infer that that over which the defendant was exercising dominion and control as observed by the officers was in fact whisky, and they were further authorized to infer that the possession of the whisky remaining in the field where it was found was at least constructively in the defendant. Under these circumstances this court cannot say that the verdict, which has the approval of the trial court, was not authorized by the evidence.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*