### 38136.   BRYANT *v.* THE STATE.

CARLISLE, Judge.  1.  It was not error for the trial court to permit a witness for the State to testify, over the objection that such testimony was a conclusion of the witness, that the container from which the odor of the whisky emanated had no stamp on it and that he would say that the whisky was white, where the evidence otherwise showed that the container to which he was referring was a plastic trashbasket with "clothes stuffed down in it," and as to which he also testified that "you could tell" where the whisky had run down the side.  See *Brooks* v. *State,* 19 *Ga. App.* 3 (9) (90 S. E. 989); *Herrington* v. *State,* 55 *Ga. App.* 240 (1) (189 S. E. 711); *Faucette* v. *State,* 71 *Ga. App.* 331, 333 (30 S. E. 2d 808).  The testimony thus objected to was a statement of a fact, and whether the witness was sufficiently familiar with the facts in the case and otherwise qualified to make such a statement was properly a subject matter for the cross-examination of the witness as to his knowledge.

2.  The trial court did not err in instructing the jury "that the jury is not responsible for the consequences of the verdict. The jury is responsible for the truth of its verdict." *McFall* v. *State,* 101 *Ga. App.* 44 (112 S. E. 2d 691) and cits.

3.  Where the only witness for the State who undertook to testify as to the nature of the whisky found in the defendant's possession after testifying on direct examination that the whisky was white whisky, or non-tax-paid, testified on cross-examination that, "it could have possibly been tax-paid whisky," such testimony, when construed as a whole, shows that the

witness was so uncertain as to whether the whisky was in fact non-tax-paid as to render his testimony insufficient to prove an essential element in the case, and the trial court erred in overruling the general grounds of the motion for new trial.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED FEBRUARY 17, 1960.

*Jerry L. Minge, Robert L. Scoggin,* for plaintiff in error.
*Chastine Parker, Solicitor-General,* contra.