## 48813. HAMILTON v. THE STATE.

CLARK, Judge.

Appellant was indicted in two counts for offenses occurring on the same date. Count 1 charged aggravated assault with intent to rape upon one female and Count 2 charged the offense of rape upon another female. The jury returned a verdict of guilty on the first count and returned a verdict of guilty of misdemeanor, that being simple battery, on the second charge. After the overruling of a motion for new trial as amended this appeal has been taken with three enumerations of error.

1. The first assignment of error reads: "The court erred in charging the jury twice that the jury should bring in a verdict 'that will speak the truth' as this may be in conflict with the constitutional rule that the State must prove the defendant's guilt beyond a reasonable doubt and therefore said instruction relieves the State of this burden, and is highly prejudicial, and is erroneous and not the law."

In considering averments of error dealing with jury instructions our appellate courts follow the wisdom of that rule stated by the legendary Logan Bleckley in *Brown v. Matthews,* 79 Ga. 1 (1) (4 SE 13): "A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and

considered as a whole, it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts are all united. United they stand, divided they fall." Applying this mandate to the charge in the instant case we find the trial court covered completely and correctly all necessary points of law. This included the principles of presumption of innocence, burden of proof upon the prosecution, and necessity for "the State to prove every material allegation of the bill of indictment to your satisfaction and beyond a reasonable doubt by the production of evidence before you would be authorized to convict the defendant." (T. 237). Having done so in an all-inclusive charge of twenty-three pages, there is no error in stating on two occasions that the object of all legal investigations, is the discovery of the truth, and that the jury was to return "a verdict that will do justice and one that will speak the truth." (T. 256). See *McFall v. State,* 101 Ga. App. 44, 45 (112 SE2d 691) and *Bryant v. State,* 101 Ga. App. 243 (2) (113 SE2d 225) wherein similar language was approved. It should be remembered that the word "verdict" is derived from the Latin "veredictum," which translates as a "true declaration." Its meaning in law is "a true saying." *Anthony v. Anthony,* 103 Ga. 250 (29 SE 923). Accordingly, there is no merit to the first enumeration.

2. The second enumeration of error contends improper argument by the prosecutor when he said "He [the defendant] can pay fifteen cents and ride out to your community where your wife or your mother or your daughter is." (T. 273). When this was said by the district attorney an objection was made to the effect that it was improper argument in that it was "highly inflammatory." The court overruled the motion.

It must be noted that the allegedly improper argument was not made during the first phase of the trial, that in which the jury was to pass upon the defendant's guilt and innocence, but was made during the sentencing portion of the trial. It obviously dealt with the issue of imprisonment. The district attorney may urge severe punishment. *Bailey v. State,* 153 Ga. 413 (4) (112 SE 453). "Attorneys should be allowed all reasonable latitude in the argument of cases to the jury, provided

they do not go outside the facts legitimately appearing from the trial, and lug in extraneous matters as if they were a part of the case." *Smith v. State,* 74 Ga. App. 777 (4) (41 SE2d 541).

The language used here came within those cases where the appellate courts have held that there is considerable latitude allowed with regard to imagery and illustration. See *Terhune v. State,* 117 Ga. App. 59, 60 (5) (159 SE2d 291) and cits. The argument here was similar to that used in *Revill v. State,* 210 Ga. 139 (5) (78 SE2d 12). "Flights of oratory and false logic do not call for mistrials or rebuke. It is the introduction of facts not in evidence that requires the application of such remedies." *Patterson v. State,* 124 Ga. 408, 409 (52 SE 534). In the context of the evidence that had been presented during the guilt phase it was not error to urge imprisonment as punishment for the protection of the community.

3. The third enumeration of error dealt with the general grounds of the motion for new trial. An examination of the transcript discloses that the evidence supports the verdicts on both counts and defendant's motion for new trial was properly denied.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED JANUARY 7, 1974 — DECIDED FEBRUARY 26, 1974.

*Glenn Zell,* for appellant.
*Lewis R. Slaton, District Attorney, Raoul Lerow, Morris H. Rosenberg,* for appellee.