## 51554. ARCHIE v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of theft by taking.

According to the state's case, a store employee entered a men's restroom in an Atlanta department store and observed the defendant standing there holding a clear plastic bag containing 15 new shirts. As the defendant started to leave, the employee followed. Defendant then re-entered the restroom and the employee called a store security guard. The employee then re-entered and found the defendant standing there empty handed and leaving. The defendant, hurrying down an escalator, was pointed out to the guard who pursued and apprehended him. The employee found the shirts buried under towels in a trash can. Following a Miranda type warning the defendant told the guard that he was in dire need of money for drugs. Defendant tried to escape and was apprehended by an Atlanta policeman who was enroute to take the defendant into custody. Defendant testified that he entered the restroom and saw the shirts in the trash can and had picked them up when the store employee entered, at which time he replaced them in the trash can and covered them with paper towels; that if he had not seen the store employee, he would have taken the shirts. *Held:*

1. Defendant complains that the court erred in allowing the state to put the defendant's character in issue in allowing evidence of another crime when it admitted the defendant's out-of-court statement that he had a need for money to purchase drugs. This evidence was admissible as it tended to establish a motive for commission of the crime charged. *State v. Luke,* 232 Ga. 815 (209 SE2d 165).

2. The defendant also contends that the court erred in permitting the defendant's statement to be admitted without first making an independent determination of voluntariness. No objection to the admission on this ground was made at trial. Thus it presents nothing for review on appeal. *Wynes v. State,* 182 Ga. 434 (1) (185 SE 711).

3. The trial court charged on asportation but did not include the words, "with intent to steal." The court in

another part of its charge did instruct the jury that the taking must be with an intent to steal. When the whole charge is considered, no error was committed. *Hamilton v. State,* 131 Ga. App. 69 (205 SE2d 24).

4. The court charged the jury: ". . .It is not necessary for the state to prove to your satisfaction by production of evidence every material allegation in this indictment before you would be authorized to convict." There is no question that this charge was erroneous. This grievously faulty statement cannot be explained as a mere slip of the tongue. Certainly, it most likely confused the jury. This palpable error was not cured by the court's correct charge elsewhere that the defendant was presumed innocent until the state produces evidence of guilt beyond a reasonable doubt and that the burden of proof lay on the state to convince the jury beyond a reasonable doubt of the defendant's guilt.

5. The evidence authorized the conviction but we reverse for the reasons stated in Division 4.

*Judgment reversed. Clark and Stolz, JJ., concur.*

SUBMITTED JANUARY 12, 1976 — DECIDED JANUARY 27, 1976.

*Louise T. Hornsby,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.