## 57736. SANDERS v. THE STATE.

DEEN, Chief Judge.

1. Police officers with a warrant entered premises where beer was sold and a pool table available. The only persons present were the defendant and her infant, found in a bedroom to which access was temporarily delayed. A claw hammer and pistol were found under some blankets on a chair. The bed was pulled away from the wall, and it was noticed that a piece of paneling on the wall behind it was loose. Examination disclosed 33 plasticine bags containing in all over a pound of marijuana.

A jury question on possession was presented as against the defendant's contention that others than herself had equal access to the room. There was testimony that only the defendant lived on the premises. She admitted running the bar and pool hall. No evidence suggested equal access in favor of any other person including instances cited in *Hill v. State,* 50 Ga. App. 288 (2), 290 (177 SE 826) (1934) such as that others than the defendant lived in the house, or others have access to the area where the contraband is found and which is not controlled by the accused (who occupies another portion of the building) or where it is brought into a place of business by one not connected with it and without the knowledge of the defendant. The motion for new trial on the general grounds was properly overruled.

2. A peace officer testified that he told the defendant she would be charged with possession of marijuana, she could come on to the courthouse, he knew her well, didn't

have many problems and "let her come on to the courthouse." A motion for mistrial was made out of the presence of the jury on the ground that it put the defendant's character in issue as intimating that the witness had arrested her on prior occasions. The jury was recalled and instructed to erase the statement from their minds, the court inquiring whether there was anyone who felt he could not completely disregard the statement. All indicated that they could. No further objection was forthcoming. In view of this, and without deciding whether or not the defendant's character had in fact been put in issue, it was not an abuse of discretion to deny the motion for mistrial. Cf. *Smith v. State,* 144 Ga. App. 261 (1) (240 SE2d 780) (1977); *Ramey v. State,* 238 Ga. 111, 112 (2) (230 SE2d 891) (1976).

*Judgment affirmed. Birdsong and Carley, JJ., concur. Shulman, J., not participating.*

SUBMITTED MAY 7, 1979 — DECIDED JUNE 13, 1979.

*John E. Pirkle,* for appellant.
*Dupont K. Cheney, District Attorney, T. Michael Taff, Assistant District Attorney,* for appellee.